IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Prescott, Jr., | ) | Case No. 3:26-cv-01914-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **NOTICE OF REMOVAL** |
| GEICO General Insurance Company; | ) | |
| Absolute Towing, Inc.; CCC Information | ) | |
| Systems, Inc.; Mitchell International, Inc., | ) | |
| Ryan West, Individually; Mikael Richards, | ) | |
| Individually; and John Doe, as | ) | |
| Agent/Driver for Absolute Towing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**TO:     THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION:**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, GEICO Secure Insurance Company, incorrectly identified as GEICO General Insurance Company ("GEICO") files this Notice of Removal of this action from the Court of Common Pleas, Richland County, State of South Carolina. All process and pleadings received by GEICO, including the state court complaint, are attached as Exhibit 1.

**STATEMENT OF THE GROUNDS FOR REMOVAL**

1.     Plaintiff filed this Complaint on April 16, 2026, in the Court of Common Pleas, Richland County, State of South Carolina. GEICO has received this pleading but has not yet been properly served.

2.	The Complaint raises federal questions under 18 U.S.C. § 1962 and therefore is removable pursuant to 28 U.S.C. § 1441 as an action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

*Federal Question Jurisdiction*

3.	This action is removable pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction existing under 28 U.S.C. § 1331 which provides, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4.	Here, Plaintiff asserts a claim against GEICO under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962, alleging several instances of interstate wire fraud.

5.	Allegations under RICO fall squarely within the federal question jurisdiction of the federal courts. *Schwartz v. Coleman*, 833 F.2d 310 (table), 1987 WL 38184 at *1, *2 (4th Cir. 1987) ("RICO claims alleged in the complaint obviously fall within the federal question jurisdiction of the district court."). Therefore, removal is proper under 28 U.S.C. §§ 1331 and 1441.

*Supplemental Jurisdiction*

6.	Pursuant to 28 U.S.C. §§ 1367 and 1441(c), the presence of a single claim subject to federal jurisdiction and independently removable is sufficient to render the entire action removable and permit this Court to adjudicate all issues therein. *Carlsbad Tech. Inc., v. HIF Bio, Inc.*, 556 U.S. 635, 636 (2009).

7.	Federal jurisdiction exists over Plaintiff's RICO claims as discussed herein.

8.	Therefore, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's RICO cause of action "that they form part of

the same case or controversy under Article III of the United States Constitution" as defined as those sharing "a common nucleus of operative fact…such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 662 (4th Cir. 1998).

9. Here, all of Plaintiff's state law causes of action share a common nucleus of operative facts with the RICO claim asserted against GEICO as all of Plaintiff's claims arise out of GEICO and its co-defendants' alleged wrongful handling of Plaintiff's insurance claim.

10. Moreover, Plaintiff's state law claims neither raise novel nor complex issues of state law and do not predominate over the claims over which this Court has original jurisdiction, and thus, there are no exceptional circumstances for this Court to decline to exercise supplemental jurisdiction.

11. Accordingly, on the basis of the federal question jurisdiction, this Court has jurisdiction over the entire action.

## TIMELINESS OF REMOVAL

12. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because it is made fewer than thirty days after service.

## NOTICE AND CONSENT

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of Richland County Court of Common Pleas for Case No. 2026-CP-40-02514.

14. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the undersigned counsel for GEICO hereby certifies that it has been informed and believes that the other defendants in this matter have not

been properly served with process. Accordingly, their consent is not necessary to effectuate this removal.

## <u>CONCLUSION</u>

WHREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, this action should proceed in the United States District Court for the District of South Carolina, Columbia Division, as an action properly removed thereto.

WHELAN MELLEN & NORRIS, LLC

By: /s/ ROBERT W. WHELAN
    Robert W. Whelan
    Federal Bar No. 9242
    E-Mail: robbie@whelanmellen.com
    89 Broad Street
    Charleston, SC 29401
    (843) 998-7099

*Attorney for Defendant GEICO*

Charleston, South Carolina
May 11, 2026