IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Prescott, Jr., | ) | Case No. 3:26-cv-01914-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **DEFENDANT GEICO GENERAL** |
| GEICO General Insurance Company; | ) | **INSURANCE COMPANY'S ANSWER** |
| Absolute Towing, Inc.; CCC Information | ) | |
| Systems, Inc.; Mitchell International, Inc., | ) | **(Jury Trial Demanded)** |
| Ryan West, Individually; Mikael Richards, | ) | |
| Individually; and John Doe, as | ) | |
| Agent/Driver for Absolute Towing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

GEICO Secure Insurance Company, incorrectly identified as GEICO General Insurance Company ("GEICO") answers the Plaintiff's Complaint as set forth below. Each allegation of the Complaint not specifically admitted is denied.

## FOR A FIRST DEFENSE

1. The allegations of paragraphs 1, 23, 27, and 55 are admitted, upon information and belief.

2. By way of response to paragraph 2, GEICO admits that it is organized under the laws of Nebraska and is authorized by the South Carolina Department of Insurance to engage in the business of insurance in South Carolina.

3. The allegations of paragraphs 3, 4, 5, 6, 7, 9, 10, 11, and 65 are admitted.

4. The allegations of paragraphs 8, 39, 60, 61, 62, 63, 64, 66, 68, 69, 70, 71, 72, 83, 93, 94, 95, 96, 99, 100, 101, 102, 103, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117,

118, 119, 120, 122, 123, 124, 125, 129, 130, 132, 133, 137, 138, 139, 141, 142, 143, 144, 146, 147, 148, 150, 153, 154, 155, 156, 158, 159, 160, 161, 163, 164, 165, 168, 169, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 183, 184, 185, 186, 187, 188, 189, 191, 192, 195, 201, 202, 203, 204, 205, 213, 214, 215, 216, 217, 218, 219 and 220 are denied.

5.      The allegations of paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 40, 41, 42, 43, 44, 73, 74, 75, 76, 77, 87, 88, 89, 90, 91, 92, 126, 127, 128, 151, 166, 167, 193, 194, 206, 207, 208, 209, 210, 211, and 212 are not directed to this Defendant and therefore do not require a response. To the extent they do require a response, those allegations are denied.

6.      The allegations of paragraphs 20, 21, 22, 24, 25, 26, 59, 67, 72, 85, 86, 105, 140, 149, 171, 198, 199, and 200 contain conclusions of law to which no response is required. To the extent that a response is required, those allegations are denied.

7.      GEICO is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 45, 46, 47, 48, 49, 50, 51, 52, 53, and 54 at this time, and, therefore, denies the same.

8.      By way of response to paragraphs 37 and 98 GEICO admits the Plaintiff was insured by GEICO Policy number 6200062625 (the "Policy") and craves reference to the Policy for the terms contained therein.  Otherwise, the allegations of these paragraphs are denied.

9.      By way of response to paragraph 55 GEICO admits that the Plaintiff notified it of the alleged loss on or about February 28, 2026.

10.     By way of response to paragraphs 56, 57, and 58, GEICO refers to the subject estimate for the content thereof and otherwise the allegations of these paragraphs are denied.

11.     By way of response to paragraphs 78, 79, 80, 81, and 82, GEICO refers to the cited correspondence for the content thereof and otherwise the allegations of these paragraphs are denied.

12.     By way of response to paragraphs 134, 135, 136, 137, and 138, it is admitted that Mr. Richards personally met with Plaintiff at Plaintiff's residence, that Mr. Richards inspected the vehicle in Plaintiff's driveway, that Mr. Richards observed that the vehicle appeared to have an unfinished repair job to the front bumper, and that Plaintiff appeared to have been in the process of modifying the bumper in connection with that repair. Geico refers to the Estimate of Record for the content thereof, and otherwise the allegations of paragraphs 134, 135, 136, 137, and 138 are denied.

13.     By way of response to paragraph 197, Geico admits that Richards was a licensed South Carolina adjuster and denies that West was a licensed South Carolina adjuster. Otherwise, the allegations of paragraph 197 contain conclusions of law to which no response is required.  To the extent that a response is required, they are denied.

### **FOR A SECOND DEFENSE**

14.     The Plaintiff has failed to properly serve this defendant requiring dismissal under Rules 12(b)(2) and 12(b)(4).

### **FOR A THIRD DEFENSE**

15.     The Complaint fails to set forth facts sufficient to constitute a cause of action requiring dismissal under Rule 12(b)(6).

### **FOR A FOURTH DEFENSE**

16.     The Plaintiff has failed to state his claims for fraud with particularity.

## FOR A FIFTH DEFENSE

17.     The Defendant is entitled to a setoff or other credit for any amounts paid to the Plaintiff.

## FOR A SIXTH DEFENSE

18.     The Plaintiff's Complaint fails to state a valid claim for punitive damages. Moreover, the Plaintiff's claim for punitive damages is barred or limited under South Carolina law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution. GEICO gives notice that it intends to rely upon the protections and limitations set forth in S.C. Code § 15-32-510, 520, 530, and 540.

## FOR A SEVENTH DEFENSE

19.     The Plaintiff's claims are excluded or limited by the applicable terms, conditions, limitations, or exclusions set forth in the Policy.

## FOR AN EIGHTH DEFENSE

20.     To the extent the Plaintiff is asserting violation of the South Carolina Unfair Trade Practices Act, that claim is barred because it cannot apply to insurance practices under South Carolina Law.

## FOR A NINTH DEFENSE

21.     To the extent the Plaintiff is basing his claim on the South Carolina Insurance Claims Practices Act, that act does not give rise to a private cause of action under the law of South Carolina.

## FOR A TENTH DEFENSE

22.     The Plaintiff's claims may be barred by the doctrines of waiver and/or estoppel.

## FOR AN ELEVENTH DEFENSE

23.     The Plaintiff's claims may be barred by release.

WHEREFORE, having fully answered the Plaintiff's Complaint, GEICO prays for dismissal of Plaintiff's claims, judgment in its favor, and any other relief as justice so requires.

WHELAN MELLEN & NORRIS, LLC

By: */s/ Robert W. Whelan*
     Robert W. Whelan
     Federal Bar No. 9242
     Whelan Mellen & Norris, LLC
     89 Broad Street
     Charleston, SC 29401
     (843) 998-7099
     robbie@whelanmellen.com

ATTORNEY FOR DEFENDANT GEICO

Charleston, South Carolina
May 18, 2026

## CERTIFICATE OF SERVICE

I, the undersigned Attorney of the law offices of Whelan Mellen & Norris, LLC, attorneys for GEICO General Insurance Company, do hereby certify that I have served all parties in this action with a copy of the pleading(s) hereinbelow specified by <u>mailing</u> a copy of the same to the following address(es):

Pleading(s):                    **DEFENDANT GEICO GENERAL INSURANCE COMPANY'S ANSWER**

Served:                         Charles Prescott, Jr.
150 Southwell Rd.
Columbia, SC 29210

*Pro Se Plaintiff*

WHELAN MELLEN & NORRIS, LLC

 */s/ Robert W. Whelan*
Robert W. Whelan
Federal Bar No. 9242
Whelan Mellen & Norris, LLC
89 Broad Street
Charleston, SC 29401
(843) 998-7099
robbie@whelanmellen.com

ATTORNEY FOR DEFENDANT
GEICO GENERAL INSURANCE COMPANY

May 18, 2026
Charleston, South Carolina

6