**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Charles Prescott, Jr., | ) | Civil Action No. |
| | ) | 3:26-cv-1914-SAL-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEICO General Insurance Company, | ) | |
| Absolute Towing, Inc.; Mitchell | ) | **MOTION TO DISMISS ON BEHALF OF** |
| International, Inc.; Ryan West, | ) | **DEFENDANT MITCHELL** |
| Individually; Mikael Richards, | ) | **INTERNATIONAL, INC.** |
| Individually; and JOHN DOE as | ) | |
| Agent/Driver for Absolute Towing, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Mitchell International, Inc. ("Mitchell"), in response to the Complaint (Compl; ECF No. 1-1) filed by Plaintiff Charles Prescott Jr., *pro se* ("Plaintiff"), moves for dismissal pursuant to Rules 8 and 12(b) of the Federal Rules of Civil Procedure. Even a cursory review of the Complaint reveals that this case is nothing more than an insurance coverage dispute between Plaintiff and Co-Defendants GEICO General Insurance Company ("GEICO") and Absolute Towing, Inc. ("Absolute"). Despite the many disagreements that appear to exist amongst these parties, Plaintiff has inappropriately hauled Mitchell into court based on threadbare assertions and conclusory allegations of harm. Mitchell, unfortunately, is caught in the crossfire. To be certain, Plaintiff's justifications for suing Mitchell are paper thin and cannot survive Rule 8 or 12(b) scrutiny. Accordingly, for the reasons set forth herein, Plaintiff's Complaint as to Defendant Mitchell should respectfully be dismissed with prejudice.

1

## BACKGROUND[1]

Plaintiff is the owner of a customized Mercedes-Benz SLK 280 ("Vehicle"). (Compl. at ¶¶ 27-36). In February 2026, Plaintiff experienced a flat tire while driving the Vehicle, and he requested roadside assistance through his insurance coverage policy with GEICO. *Id.* at ¶¶ 37-38. He asserts GEICO subsequently dispatched Absolute to respond to Plaintiff's request for assistance. *Id.* at 39. Plaintiff alleges that, upon arrival at the scene, Absolute experienced difficulties in loading the Vehicle onto the flatbed truck and as a result caused damages to the Vehicle. *Id.* at ¶¶ 40-51.

Plaintiff asserts he immediately provided GEICO with notice of the loss and "the nature of the Vehicle's custom build." *Id.* at ¶ 55. A claim investigation ensued between Plaintiff and GEICO to determine the extent of the damages and cost to repair the Vehicle. *Id.* at ¶¶ 56-61. Plaintiff claims that throughout the process, GEICO "proposed the use of generic, non-OEM 'economy' and 'knockoff' aftermarket replacement parts" incompatible with the custom nature of the Vehicle. *Id.* at ¶¶ 58-60. He also makes other complaints about GEICO's handling of the claims process with respect to his Vehicle. *Id.* at ¶¶ 61-72. He alleges that although he and GEICO attempted to negotiate a resolution, GEICO failed to make him "whole" as was required under the terms and conditions of his policy. *Id.* at ¶¶ 64, 78-83.

Plaintiff then filed the instant lawsuit on April 16, 2026, in the Richland County Court of Common Pleas. Although he pleads a myriad of causes of action against GEICO, Absolute, and

---

[1] For purposes of this motion to dismiss, Mitchell (as it must) presents this factual background by accepting all well-pled facts as true and by construing these facts in the light most favorable to Plaintiff. *See Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, Mitchell does not concede and explicitly reserves the right to contest such allegations should this matter survive dismissal.

their respective employees for wrongdoing, the only attempted "causes of action" pled against Mitchell include: (1) loss of use; (2) punitive damages; and (3) civil conspiracy.[2]

On May 11, 2026, GEICO removed this case to this Court.[3]  Mitchell now submits this motion to dismiss.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss pursuant to Rule 12(b)(6), "a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests."  *Coleman v. Md. Ct. of Apps.*, 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but a complaint must set forth sufficient facts to state a claim that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility requirement does not equate to a probability requirement, but it demands more than a mere possibility that a defendant has acted unlawfully.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This rule ensures that a defendant will have "fair notice of what the claim is and the grounds upon which it

---

[2]  Plaintiff also has sued CCC Information Services, Inc. ("CCC").  Plaintiff alleges that "CCC develops, licenses, and maintains proprietary automotive claims valuation software – including the CCC ONE platform – that is integrated into GEICO's claims adjustment workflow in South Carolina.  (Compl. at ¶ 13.)  This allegation is materially identical to the allegation against Mitchell.  *See id.* at ¶ 15.)  Mitchell and CCC are competitors in this market.

[3] Although Mitchell raises inadequate service of process as a ground for dismissal, should the Court disagree, Mitchell does not object to GEICO's removal to this Court.

rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

**ARGUMENT**

The Court should, respectfully, grant Mitchell's motion to dismiss for four independently sufficient reasons. *First*, Plaintiff's service of the Summons and Complaint on Mitchell was not proper under South Carolina law. *Second*, Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Mitchell. *Third*, because of Plaintiff's dearth of allegations as to Mitchell, he has failed to establish standing requirements needed to sue Mitchell. *Fourth*, Plaintiff has failed to state any claim upon which relief can be granted against Mitchell.

**I.     Plaintiff failed to properly serve Mitchell with a copy of the Summons and Complaint.**

On April 16, 2026, Plaintiff filed this lawsuit in the Court of Common Pleas for Richland County, South Carolina. On April 23, 2026, Plaintiff mailed a copy of the Summons and Complaint, along with other various documents, to Mitchell's South Carolina registered agent. Importantly, these documents were sent via USPS Priority Mail. (Exhibit 1 – Postage). However, Plaintiff's attempts at service do not arise to proper service under the applicable rules.

Because this case was originally filed in state court and because the pleadings were attempted to be served while the matter was still pending in state court, Plaintiff was required to adhere to the South Carolina Rules of Civil Procedure with respect to effectuating service of process. To effectuate service upon a corporation, the mailing of a summons and complaint to a registered agent is permissible. *See* Rule 4(d)(8). But this method of service requires service via "registered or certified mail, return receipt requested and delivery restricted to the addressee." *Id.* Plaintiff's attempt to serve Mitchell by USPS Priority Mail does not satisfy the Rule's requisites. This is not the equivalent of registered or certified mail with return receipt requested and delivery

4

restricted.

Accordingly, dismissal is proper pursuant to Rules 12(b)(4) and (5).[4]

## II. Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Mitchell.

A federal court has no broader power over persons outside the state in which it sits than local state courts. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd*., 484 U.S. 97, 109–11 (1987). To establish personal jurisdiction over a non-resident defendant served out of state, (1) the nonresident must be amenable to service of process under the forum state's long arm statute, and (2) the exercise of jurisdiction must be consistent with due process requirements. *See Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, Civil Action No. 3:15-cv-01300-JMC, 2016 U.S. Dist. LEXIS 158389, at *14 (D.S.C. 2016). Because South Carolina's General Jurisdiction Long Arm Statute extends to the limits of due process, *see id*. at *15; Section 36-2-802 of the South Carolina Code (2003), the only inquiry in this case is whether exercising general jurisdiction over Mitchell comports with due process.

The U.S. Constitution permits federal courts to exercise jurisdiction over a nonresident defendant only if (1) the defendant purposefully established "minimum contacts" with the forum state, and (2) the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985). This minimum contacts test must be established by showing that either "general" or "specific" contacts exist between the defendant and the forum state such that the forum state may exercise personal jurisdiction over the defendant. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984). It is "the defendant's

---

[4] Even if the federal rules are used to scrutinize the sufficiency of Plaintiff's service of process upon Mitchell, the result would be the same. *See* Rule 4(h), Fed. R. Civ. P. (permitting service on a corporation by mail under the conditions set forth in the applicable state court rules for the state in which the district court is located).

conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (2014).

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *See Pro Slab, Inc. v. Argos USA LLC*, Civil Action No. 2:17-cv-3185-BHH, 2019 U.S. Dist. LEXIS 159728, at *9 (D.S.C. 2019).

Plaintiff has failed to demonstrate that Mitchell has any substantial, continuous, or systematic contacts with South Carolina sufficient to support a finding of personal jurisdiction. As recognized by Plaintiff, Mitchell is a Delaware corporation with its principal place of business in San Diego, California. Plaintiff does not allege, nor could he, that he has had any contact with Mitchell—other than filing this lawsuit. The only allegation that Plaintiff has made in hopes that personal jurisdiction is sufficient is that *maybe* Mitchell provided the software that GEICO used to assist in its evaluation of Plaintiff's claim. This is insufficient.

In *Wearing v. Progressive Direct Ins. Co.*, Judge Childs considered a similar lawsuit claiming there was some sort of "scheme" to under value total loss claims made by policy holders of a different insurance company. 2020 WL 5653299, *1 (Sep. 22, 2020). Mitchell was a named-defendant in that litigation on a similar theory of liability but was quickly dismissed from the case. Judge Childs easily found that the plaintiff failed to meet her burden to show that Mitchell was subject to the South Carolina District Court's personal jurisdiction. *Id.* at *6.

Accordingly, the Court should dismiss for lack of personal jurisdiction.

**III.     Plaintiff has failed to plead sufficient allegations to establish Article III standing**.

Although dismissal would certainly be appropriate because of inadequate service of process or lack of personal jurisdiction, Plaintiff's Complaint suffers from other fundamental

6

defects.

Case law has consistently established that the "irreducible constitutional minimum" of standing consists of three elements. A plaintiff seeking to trigger the court's jurisdiction must allege that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–561 (1992). The plaintiff, as the party invoking a court's jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990). Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element of standing. *Warth v. Seldin,* 422 U.S. 490, 518 (1975).

Here, although Plaintiff may have alleged the existence of an injury, he has failed to satisfy his burden of alleging that such injury was fairly traceable to the conduct of Mitchell. Plaintiff does not allege that Mitchell damaged Plaintiff's Vehicle. Plaintiff does not allege (and cannot allege) that he had a relationship with Mitchell, and, in fact, Plaintiff fails to even allege any interaction between him and Mitchell. And Plaintiff does not allege that Mitchell was involved in the decision-making process in which GEICO did not allegedly account for the custom modifications when determining the value of the loss to Plaintiff's Vehicle. The factual allegations against Mitchell in this case are virtually non-existent and do not provide enough information to even support a finding of standing. *See Pendarvis v. Wilson*, No. 24-6654, 2026 WL 371143, at *2 (4th Cir. Feb. 10, 2026) ("Pendarvis' second amended complaint did not allege facts supporting standing. It contained only conclusory allegations that he suffered an injury in fact fairly traceable to defendants' unlawful conduct for which the court could provide redress.").

Accordingly, Mitchell submits Plaintiff has failed to plead allegations sufficient to establish standing to bring suit against Mitchell. Dismissal is required.

### IV.     Plaintiff has also failed to state any claim upon which relief can be granted against Mitchell.

In large part due to the absence of any particular factual allegations against Mitchell, Plaintiff has failed to state any claim upon which relief can be granted.  Again, Plaintiff's causes of action against Mitchell are only for (1) loss of use; (2) punitive damages; and (3) civil conspiracy.

Other than general allegations identifying Mitchell as a corporate defendant, Plaintiff's only true factual allegations specific to Mitchell (sprinkled sparingly across the 27-page Complaint) are as follows:

> 15.   Mitchell develops, licenses, and maintains proprietary automobile repair estimating and valuation software used by GEICO in the processing and adjustment of claims in South Carolina.

> 61. [GEICO] further utilized the CCC ONE and/or Mitchell valuation platform to generate an Actual Cash Value report that intentionally or systematically excluded the Vehicle's documented custom enhancements . . . from the ACV calculation, artificially deflating the claim value.

(Compl.).  That's it.  Buried elsewhere amongst the three causes of action directed against Mitchell are a few other allegations that include:

> 167.  CCC and Mitchell knowingly provided software infrastructure that enabled the systematic exclusion of documented custom components from valuation calculations.

(Compl.)   And Paragraphs 183-85 vaguely attempt to loop Mitchell into some sort of civil conspiracy with the other defendants because Mitchell created the software that is alleged to be used by GEICO when valuing its claims.  Notably, though, Plaintiff appears to realize that he does not know whether it was CCC's software or Mitchell's software that GEICO actually used to assist

8

in valuing the Vehicle.[5]

Plaintiff's decision to include Mitchell in a lengthy Complaint asserting claims ranging from negligence to RICO—with Mitchell directly mentioned in only a handful of paragraphs—reflects a pleading strategy of attribution by association rather than facts supporting independent liability.  This is precisely the type of Complaint that Rules 8 and 12(b)(6) are designed to address.

A.  <u>Threadbare allegations are insufficient to state a plausible claim.</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This rule ensures that a defendant will have "fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  "This requires that the pleadings contain the basis for a plaintiff's claim *against each defendant*."  *vonRosenberg v. Lawrence*, No. 2:13-587-RMG, 2018 WL 4039324, at *5 (D.S.C. Aug. 23, 2018) (cleaned up) (emphasis in original).  The spirit of Rule 8 exists for the purpose of "(1) giving the opposing party fair notice of what the claims are and the grounds upon which they [rest], and (2) framing the issues and providing the basis for informed pretrial proceedings."  *In re SCANA Corp. Sec. Litig.*, No. 3:17-2616-MBS, 2019 WL 1427443, at *6 (D.S.C. Mar. 29, 2019) (citation omitted).

As the United States Supreme Court held in *Twombly*, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders

---

[5] Mitchell has no record of any analysis done on behalf of GEICO relating to Plaintiff in the time period alleged in the Complaint.

naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and citations omitted).

Here, Plaintiff has presented the exact "naked assertions devoid of further factual enhancement" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fail to satisfy the pleading requirements established by *Twombly* and *Iqbal*. *See Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (explaining a complaint must allege "enough facts to state a claim to relief that is *plausible* on its face"). Mitchell's creation of a software that may or may not have been used by GEICO in a situation where GEICO purportedly failed to adequately account for the value of customizations when attempting to compensate Plaintiff for the loss value of the Vehicle does nothing to establish a plausible claim of wrongdoing by Mitchell. Although pleading requirements do not establish an insurmountable burden, Plaintiff's allegations (identified above) fall woefully short of well-established pleading requirements that are needed to survive a motion to dismiss. Because Plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

B. Mitchell, as a matter of law, owes no duty to Plaintiff.

All of Plaintiff's causes of action against Mitchell are state law claims that appear to sound in tort;[6] however, Plaintiff has failed to demonstrate any type of legal duty owed to him by Mitchell. Based on the underlying facts of this case, there is no way that Plaintiff could ever allege the existence of a legal duty that would justify Mitchell remaining in this case.

"The court must determine, as a matter of law, whether the law recognizes a particular duty." *Madison ex rel. Bryant v. Babcock Center, Inc.*, 371 S.C. 123, 135, 638 S.E.2d 650, 656

---

[6] Insofar as any of the causes of action raised against Mitchell sound in contract, Plaintiff does not plead the existence of any contractual relationship between Plaintiff and Mitchell (nor could he).

10

(2006). "If there is no duty, then the defendant . . . is entitled to a judgment as a matter of law." *Id.*

Ordinarily, the common law imposes no duty on a person to act. *Rayfield v. S.C. Dep't of Corrs.*, 297 S.C. 95, 100, 374 S.E.2d 910, 913 (Ct. App. 1988). In *Rayfield*, the Court of Appeals explained the situations in which an affirmative duty may exist:

> An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance. It follows that a person usually incurs no liability for failure to take steps to benefit others or to protect them from harm not created by his own wrongful act. In other words, a person has no duty to protect another from harm inflicted by a third person.

*Id.* at 100-01, 374 S.E.2d at 913; *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 334, 566 S.E.2d 536, 546 (2002) ("We recognize five exceptions to this rule: 1) where the defendant has a special relationship to the victim; 2) where the defendant has a special relationship to the injurer; 3) where the defendant voluntarily undertakes a duty; 4) where the defendant negligently or intentionally creates the risk; and 5) where a statute imposes a duty on the defendant.").

Here, Plaintiff has failed to plead the existence of any sort of duty that exists or existed between Plaintiff and Mitchell. The general rule of "no duty owed" applies, and Plaintiff does not (nor could he) allege the existence of an exception to the general rule.

Dismissal on this threshold issue of duty is appropriate.

C. Each of Plaintiff's claims independently fail on the merits.

On top of the other material defects in Plaintiff's Complaint, each cause of action set forth against Mitchell fails on the merits.

i. *Loss of use*

"Loss of use" is not an independent cause of action in South Carolina. Rather, a loss of use is recognized to be a component of damages, not a free-standing cause of action. Our Supreme

11

Court has held that where a vehicle is negligently damaged, amongst other damages, the value of the loss of use of the vehicle is recoverable against the tortfeasor. *Newman v. Brown*, 228 S.C. 472, 90 S.E.2d 649 (1955); *Coleman v. Levkoff*, 128 S.C. 487, 122 S.E. 875 (1924).

Plaintiff is not entitled to recover damages from Mitchell for loss of use. Importantly, no independent cause of action exists against Mitchell to permit Plaintiff to request loss of use damages. Additionally, Plaintiff does not allege that Mitchell was the tortfeasor responsible for damaging his Vehicle. And according to the Complaint, Mitchell's only remote involvement in the case was to supply GEICO with a software that may assist GEICO when it evaluates claims and that such software *may or may not have been used* in the evaluation process. Importantly, Plaintiff does not allege that Mitchell deprived Plaintiff of the use of the Vehicle. In fact, Plaintiff's loss of use claim mentions only the actions of Absolute and GEICO as the cause of this damage. (Compl. at ¶ 158) ("As a direct and proximate result of Absolute's negligent towing operation and GEICO's subsequent bad faith refusal to properly adjust the claim, Plaintiff has been deprived of the use of the Vehicle continuously from February 28, 2026 through the present.").

Accordingly, this purported cause of action fails.

### ii. *Punitive damages*

Just like Plaintiff's loss of use cause of action, there is no independent claim for "punitive damages" under South Carolina law. Rather, in certain situations, punitive damages can be recovered as a result of a proven cause of action and heightened inappropriate conduct. This Court has recognized this distinction and has dismissed attempts to bring a cause of action for punitive damages. *See Robinson v. Anmed Encompass Health & Rehab. Hospital, LLC*, 2019 WL 7756182, at * 7 (D.S.C. Oct. 17, 2019) (summarily rejecting and dismissing an independent cause of action for punitive damages).

Mitchell maintains that no valid cause of action exists against it for Plaintiff to request recovery of punitive damages. But regardless of whether a single cause of action exists against Mitchell, Plaintiff has utterly failed to demonstrate a plausible request for punitive damages. Although Plaintiff makes a conclusory allegation alleging willful, wanton, and reckless conduct, this is utterly insufficient, even at the pleading stage, to demand punitive damages from Mitchell. And Plaintiff's claim that Mitchell provided GEICO with software that enabled GEICO to exclude customizable components from a vehicle valuation does not come close to punitive behavior.

Accordingly, this attempted cause of action fails.

### iii.     Civil conspiracy

Finally, Plaintiff attempts to raise a cause of action for civil conspiracy against Mitchell. But, although civil conspiracy is a recognized cause of action under South Carolina law, this too requires dismissal.

"A plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021). Plaintiff fails each element.

*First*, other than Plaintiff's mere utterance that an agreement exists amongst the Defendants, he makes no plausible factual allegations in support this unfounded conspiracy. *Second*, Mitchell, by *potentially* providing software to GEICO for it to use as a tool to help value claims, did not commit an unlawful act or a lawful act by unlawful means. *Third*, Plaintiff makes no allegations to support "an overt act in furtherance of the agreement" as to Mitchell. *Fourth*, whatever Mitchell's actions are in this case is insufficient to show that it was a proximate cause of

Plaintiff's damages. *Finally*, the tort of civil conspiracy is an intentional tort, and there are insufficient allegations to satisfy the probability requirement that Mitchell—through its provision of software to GEICO—ever intended to harm Plaintiff. Therefore, Plaintiff's civil conspiracy cause of action fails on the merits.

## CONCLUSION

For all these reasons, Mitchell respectfully requests Plaintiff's Complaint be dismissed with prejudice as to Mitchell.

Respectfully submitted,

SMITH │ ROBINSON

*s/ Austin T. Reed*
Daniel C. Plyler, Fed. ID #9762
Austin T. Reed, Fed. ID #13405
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
Austin.Reed@SmithRobinsonLaw.com

*Counsel for Defendant Mitchell International, Inc.*

Columbia, South Carolina

May 18, 2026