**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Charles Prescott, Jr., | ) | Civil Action No. |
| | ) | 3:26-cv-1914-SAL-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEICO General Insurance Company, | ) | **DEFENDANT MITCHELL** |
| Absolute Towing, Inc.; Mitchell | ) | **INTERNATIONAL, INC.'S MOTION FOR** |
| International, Inc.; Ryan West, | ) | **PROTECTIVE ORDER AND/OR** |
| Individually; Mikael Richards, | ) | **TEMPORARY STAY OF DISCOVERY** |
| Individually; and JOHN DOE as | ) | |
| Agent/Driver for Absolute Towing, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Mitchell International, Inc. ("Mitchell") moves this Court to issue a protective order and/or a temporary stay of discovery. For the following reasons, the motion should respectfully be granted:

1. Plaintiff Charles Prescott, Jr. ("Plaintiff"), appearing *pro se*, filed this lawsuit against Mitchell and several other Defendants in the Richland County Court of Common Pleas on April 16, 2026.

2. Plaintiff attempted service on Mitchell—albeit improper service (*see* ECF No. 10 at 4-5)— by mailing a copy of the summons and complaint, along with other documents on April 23, 2026.

3. Included in the documents that Plaintiff attempted to serve on Mitchell were Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for Production, and Plaintiff's First Set of Requests to Admit. (Exhibit 1 – Discovery).

4. The discovery requests are very lengthy and trigger several concerns over information being disclosed that is considered by Mitchell to be proprietary and highly confidential.

5. Under the South Carolina Rules of Civil Procedure, Mitchell would have 45 days from the date of service to respond to Plaintiff's discovery requests.

6. On May 11, 2026, Defendant GEICO General Insurance Company removed the matter to this Court.

7. On May 18, 2026, Mitchell filed a motion to dismiss in response to Plaintiff's complaint. (ECF No. 10). Importantly, the motion to dismiss presents several colorable arguments that, if granted, would be dispositive of the case against Mitchell. *See id.* (raising arguments of improper service, lack of personal and subject matter jurisdiction, and failure to state a claim).

8. Mitchell respectfully requests the Court issue a protective order and/or a temporary stay of discovery. Mitchell sets forth three reasons in support:[1]

   a. First, in light of GEICO's removal, Plaintiff's discovery requests to Mitchell have become null and void. In *Steen v. Garrett*, 2013 WL 1826451, *3 (D.S.C. Apr. 30, 2013), this Court applied the majority rule explaining that once a case is removed from state court to federal court, the pending discovery requests (as long as they

---

[1] When a case is removed from state court to federal court, the Federal Rules of Civil Procedure take over. Rule 81(c)(1) provides that "[t]hese rules apply to a civil action after it is removed from a state court."

were not already overdue) were rendered "null and ineffective" at the point in time the matter was removed to federal court.

b.  Second, no scheduling order has been entered in the case, and the parties have not conducted a Rule 26(f) conference. Therefore, the commencement of discovery would be improper until a scheduling order is issued, and the parties conduct the Rule 26(f) conference. *See* Fed. R. Civ. P. 36(a)(3) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]").

c.  Third, the Court has in its inherent power the ability to issue a temporary stay of discovery. Courts often do so when there are pending motions to dismiss and good cause to do so. *See, e.g.*, *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, No. 8:18-cv-1498-TMC, 2018 WL 9785308, at *4 (D.S.C. Nov. 20, 2018). Here, good cause exists to stay discovery:

    i.  Mitchell's motion to dismiss presents colorable arguments, and if granted, would be dispositive of the entire case against Mitchell.

    ii.  Plaintiff's discovery requests are lengthy and burdensome and will require client resources to formulate objections and responses. A stay will allow the Court to consider and rule on the motion to dismiss before the parties embark on the discovery process (if necessary).

    iii.  Plaintiff's discovery requests present concerns over proprietary and confidential information, and such disclosure would be unnecessary if Mitchell's dispositive motion is granted.

    iv.  The case is still in its infancy; it was filed in state court on April 16, 2026.

Based on the foregoing, Mitchell respectfully requests the Court grant its request for a protective order and issue a temporary stay of discovery.

Respectfully submitted,

SMITH │ ROBINSON

_s/ Austin T. Reed_
Daniel C. Plyler, Fed. ID #9762
Austin T. Reed, Fed. ID #13405
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
Austin.Reed@SmithRobinsonLaw.com

_Counsel for Defendant Mitchell International, Inc._

Columbia, South Carolina

May 19, 2026