# Exhibit 1

**STATE OF SOUTH CAROLINA**
COUNTY OF RICHLAND

**IN THE COURT OF COMMON PLEAS**
FIFTH JUDICIAL CIRCUIT

Charles Prescott, Jr., *Plaintiff,* vs. GEICO GENERAL INSURANCE COMPANY; ABSOLUTE TOWING, INC.; CCC INFORMATION SYSTEMS, INC.; MITCHELL INTERNATIONAL, INC.; RYAN WEST, Individually; MIKAEL RICHARDS, Individually; and JOHN DOE, as Agent/Driver for Absolute Towing, INC., *Defendants.*

) ) ) ) )
) ) ) ) )
) ) ) ) )

C/A No.:
2026CP4002514

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,

## REQUESTS FOR PRODUCTION OF DOCUMENTS,

## AND REQUESTS FOR ADMISSION TO

## DEFENDANT MITCHELL INTERNATIONAL, INC.

### PRELIMINARY STATEMENT

Plaintiff Charles Prescott, Jr. ("Plaintiff"), *pro se,* pursuant to Rules 33, 34, and 36 of the South Carolina Rules of Civil Procedure, hereby propounds the following Interrogatories, Requests for Production of Documents, and Requests for Admission upon Defendant Mitchell International, Inc. ("Mitchell"). Mitchell is required to respond to these discovery requests within thirty (30) days of service, as provided by the South Carolina Rules of Civil Procedure.

These discovery requests are continuing in nature. If Mitchell obtains additional information or documents responsive to any request after serving its initial responses, Mitchell is required to supplement its responses promptly in accordance with Rule 26(e), SCRCP.

# DEFINITIONS AND INSTRUCTIONS

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below:

1. **"Mitchell"** means Defendant Mitchell International, Inc., including its officers, directors, employees, agents, representatives, subsidiaries, parent corporations, affiliates, predecessors, and successors.

2. **"GEICO"** means Defendant GEICO General Insurance Company, including its officers, directors, employees, agents, representatives, subsidiaries, parent corporations, and affiliates.

3. **"Plaintiff"** means Charles Prescott, Jr.

4. **"Vehicle"** means the 2008 Mercedes-Benz SLK280 bearing VIN WDBWK54FX8F182975.

5. **"Claim"** means GEICO Claim No. 8848470730000003-01 arising from the loss event of February 28, 2026.

6. **"Software"** means any and all proprietary or licensed software, platforms, applications, modules, databases, algorithms, or digital tools developed, maintained, licensed, or distributed by Mitchell that are or were used in connection with automotive repair estimating, claims valuation, actual cash value calculation, total loss determination, or parts pricing.

7. **"ACV"** means Actual Cash Value.

8. **"Document"** or **"Documents"** is used in its broadest sense and includes all writings and recordings of every type and description, whether in paper or electronic form, including but not limited to: correspondence, emails, text messages, memoranda, reports, studies, analyses, contracts, agreements, invoices, receipts, policies, procedures, manuals, training materials, presentations, spreadsheets, databases, metadata, source code, algorithms, specifications, logs, audit trails, screenshots, and any other tangible or electronically stored information.

9. **"Communication"** means every manner of transmitting or exchanging information, whether oral, written, or electronic, including but not limited to letters, emails, text messages, telephone calls, video conferences, instant messages, and internal messaging platforms.

10. **"You"** or **"Your"** refers to Mitchell.

11. **"Identify"** when used with respect to a natural person means to state the person's full name, title, employer, business address, and telephone number. When used with respect to a document, it means to state the title, date, author, recipient(s), and a brief description of the document's contents.

12. **"Relate to"** or **"Relating to"** means concerning, referring to, reflecting, describing, evidencing, constituting, or having any logical connection to the subject matter.

13. **"Estimate of Record"** means the GEICO preliminary estimate bearing Workfile ID 105995ea, written by Mikael Richards and dated on or about March 6, 2026.

14. **"Pro-Glo Estimate"** means the independent repair estimate bearing Workfile ID 929db299, prepared by Pro-Glo Auto Finish & Glass Inc. (Southeast Auto DBA Pro-Glo Collision) and dated April 21, 2026.

15. **"Enterprise"** refers to the association-in-fact enterprise alleged in Plaintiff's Verified Complaint, consisting of GEICO, its regional adjustment centers, and third-party valuation software vendors including CCC Information Services, Inc. and Mitchell.

## INSTRUCTIONS

16. Where a request calls for information that Mitchell claims is protected by any privilege, Mitchell shall provide a privilege log identifying: (i) the nature of the privilege asserted; (ii) the date, author, and recipient(s) of each withheld document; and (iii) the subject matter of each withheld document in sufficient detail to enable Plaintiff to assess the claim of privilege.

17. If Mitchell cannot answer any interrogatory fully, Mitchell shall answer to the extent possible, specify the reason for its inability to answer fully, and state what efforts Mitchell has made to obtain the requested information.

18. If any document requested has been lost, destroyed, or is otherwise unavailable, Mitchell shall identify the document by date, author, subject, and describe the circumstances of its loss or destruction, including any document retention or destruction policies applicable thereto.

---

## PART I: INTERROGATORIES

(Pursuant to Rule 33, SCRCP)

**INTERROGATORY NO. 1:** Identify all persons involved in preparing Mitchell's responses to these discovery requests and state the title and role of each such person.

**INTERROGATORY NO. 2:** Identify all Mitchell Software products, platforms, modules, or services that were used, accessed, or referenced in connection with the processing, adjustment, valuation, or estimation of the Claim, including but not limited to any platform used to generate the ACV report, repair estimate, parts pricing data, or total loss evaluation for the Vehicle.

**INTERROGATORY NO. 3:** Describe in detail the contractual relationship between Mitchell and GEICO, including: (a) the date the relationship commenced; (b) the nature and scope of services Mitchell provides to GEICO; (c) whether Mitchell's Software is licensed, subscription-based, or provided under a service-level agreement; and (d) the current status of that relationship.

**INTERROGATORY NO. 4:** State the total annual revenue Mitchell has received from GEICO for each of the last five calendar years (2021–2025), broken down by product or service category.

**INTERROGATORY NO. 5:** Describe in detail the methodology, algorithm, data inputs, and decision logic Mitchell's Software uses to calculate the Actual Cash Value of a vehicle, including: (a) how comparable vehicle sales data is sourced and weighted; (b) how vehicle

condition, mileage, and geographic market are factored; (c) how aftermarket, custom, or modified components are identified, valued, and included or excluded from the ACV calculation; and (d) whether the ACV methodology is standardized or configurable by the insurer client.

**INTERROGATORY NO. 6:** State whether Mitchell's Software provides any mechanism, module, field, or override function that enables an adjuster or insurer to input, flag, or account for custom-fabricated, hand-built, or non-standard components when calculating ACV. If so, describe how such mechanism operates. If not, explain why not.

**INTERROGATORY NO. 7:** State whether Mitchell's Software, as configured for GEICO's use in South Carolina, includes any protocol, flag, alert, or workflow step that is triggered when a vehicle is identified or designated as "MODIFIED" within the estimating or valuation platform. If so, describe the protocol. If not, explain why not.

**INTERROGATORY NO. 8:** Identify all data inputs that were transmitted to or received from GEICO's systems in connection with the Claim, including but not limited to: vehicle identification data, damage assessment data, parts pricing data, labor rate data, ACV inputs, and valuation outputs.

**INTERROGATORY NO. 9:** Describe in detail how Mitchell's Software determines parts pricing for repair estimates, including: (a) the source(s) of parts pricing data; (b) how OEM, aftermarket, and salvage/recycled parts are categorized and priced; (c) whether the Software recommends or defaults to specific part types (OEM vs. aftermarket vs. salvage); and (d) whether GEICO or any insurer client can configure the Software to prefer non-OEM parts.

**INTERROGATORY NO. 10:** State whether GEICO has entered into any agreement, understanding, or arrangement with Mitchell whereby Mitchell's Software is configured to default to, recommend, or prioritize the use of aftermarket, economy, or non-OEM parts in repair estimates generated for GEICO claims. If so, describe the terms of any such agreement.

**INTERROGATORY NO. 11:** Identify all Mitchell personnel, including but not limited to account managers, technical support staff, implementation specialists, and sales representatives, who have had direct communications with GEICO personnel regarding the Claim or regarding claims handling protocols applicable to modified or custom vehicles in South Carolina.

**INTERROGATORY NO. 12:** State whether Mitchell has received, at any time during the period from January 1, 2020 to the present, any complaint, dispute, regulatory inquiry, or litigation alleging that Mitchell's Software systematically undervalues vehicles, excludes custom or aftermarket enhancements from ACV calculations, or produces repair estimates that do not restore vehicles to pre-loss condition. If so, identify each such complaint, dispute, inquiry, or litigation by date, jurisdiction, parties, and a brief description of the allegations.

**INTERROGATORY NO. 13:** Describe in detail Mitchell's role in the association-in-fact enterprise alleged in Plaintiff's Verified Complaint (¶¶ 172–173), including: (a) the nature of Mitchell's operational integration with GEICO's claims workflow; (b) the extent to which Mitchell's Software output directly determines or influences GEICO's indemnity offers to policyholders; and (c) whether Mitchell shares personnel, protocols, data systems, or economic objectives with GEICO or CCC Information Services, Inc.

**INTERROGATORY NO. 14:** State whether Mitchell's Software was used to generate, contribute to, or validate the ACV report or valuation for the Vehicle (VIN: WDBWK54FX8F182975) in connection with the Claim. If so, identify the specific product or module used, the date of the valuation, the ACV output, and the data inputs used.

**INTERROGATORY NO. 15:** Describe how Mitchell's Software handles vehicles with documented custom suspension systems (such as Bilstein B8 performance suspension with H&R lowering springs), custom-fabricated fiberglass bodywork, and other bespoke modifications when generating ACV calculations. State specifically whether such components are (a) automatically included, (b) automatically excluded, (c) flagged for manual review, or (d) handled by some other process.

**INTERROGATORY NO. 16:** State whether Mitchell provides training, documentation, or guidance to adjusters, estimators, or insurer personnel on how to handle claims involving modified, custom-built, or specialty vehicles within Mitchell's Software. If so, identify all such training materials, guidance documents, or protocols by title, date, and a brief description.

**INTERROGATORY NO. 17:** Identify all versions, updates, patches, or configuration changes to Mitchell's Software that were deployed to GEICO's South Carolina operations during the period from January 1, 2025 through April 23, 2026, and describe the nature and purpose of each change.

**INTERROGATORY NO. 18:** State whether Mitchell's valuation algorithms incorporate any weighting, adjustment factor, or bias that systematically reduces ACV outputs for vehicles classified as modified, custom, or specialty. If so, describe the factor and the rationale for its use.

**INTERROGATORY NO. 19:** Describe the audit trail, log, or record-keeping functionality within Mitchell's Software that tracks: (a) user inputs; (b) algorithmic outputs; (c) overrides or manual adjustments by adjusters; and (d) data transmissions between Mitchell's servers and GEICO's systems in connection with any individual claim.

**INTERROGATORY NO. 20:** State whether Mitchell retains records of the specific ACV calculation, repair estimate, or valuation data generated for the Vehicle in connection with the Claim. If so, state where those records are maintained, in what format, and the retention period applicable to them. If such records have been destroyed or are unavailable, state when and why.

**INTERROGATORY NO. 21:** Identify all communications between Mitchell and GEICO regarding this Claim or regarding Plaintiff, from February 28, 2026 through the present.

**INTERROGATORY NO. 22:** State whether Mitchell's Software, as deployed to GEICO, is capable of generating a valuation or ACV calculation that accounts for documented specialized professional labor invested in custom-fabricated components. If not, explain the technical or design reason for this limitation.

**INTERROGATORY NO. 23:** Describe Mitchell's document retention and destruction policies applicable to: (a) client contracts and service agreements; (b) claims data, valuation records, and estimating outputs; (c) internal communications regarding software functionality; and (d) records of complaints or litigation.

**INTERROGATORY NO. 24:** State whether Mitchell has any financial incentive, performance metric, volume discount, or contractual term with GEICO that is tied to the average claim payout, indemnity amount, or severity reduction achieved through the use of Mitchell's Software. If so, describe the terms.

**INTERROGATORY NO. 25:** Identify all expert witnesses Mitchell intends to call at trial, and for each expert, state: (a) the expert's name, qualifications, and area of expertise; (b) the

subject matter of the expert's anticipated testimony; and (c) a summary of the opinions the expert is expected to offer.

## PART II: REQUESTS FOR PRODUCTION OF DOCUMENTS

(Pursuant to Rule 34, SCRCP)

**REQUEST FOR PRODUCTION NO. 1:** All contracts, agreements, service-level agreements, licensing agreements, memoranda of understanding, and amendments thereto between Mitchell and GEICO, from January 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 2:** All documents relating to the Claim, including but not limited to: ACV reports, valuation outputs, repair estimates, parts pricing data, total loss evaluations, data transmissions, audit logs, user activity logs, and any other records generated by or through Mitchell's Software in connection with the Vehicle (VIN: WDBWK54FX8F182975).

**REQUEST FOR PRODUCTION NO. 3:** Complete technical documentation, user manuals, administrator guides, and help documentation for all Mitchell Software products used by GEICO in South Carolina for automotive claims adjustment, repair estimating, or ACV calculation, as of February 28, 2026.

**REQUEST FOR PRODUCTION NO. 4:** All documents describing the methodology, algorithm, decision logic, weighting factors, and data sources used by Mitchell's Software to calculate ACV, including any technical specifications, white papers, design documents, flow charts, or algorithmic descriptions.

**REQUEST FOR PRODUCTION NO. 5:** All documents describing how Mitchell's Software identifies, categorizes, values, or excludes aftermarket, custom-fabricated, hand-built, or modified components in ACV calculations or repair estimates.

**REQUEST FOR PRODUCTION NO. 6:** All training materials, webinars, presentations, e-learning modules, quick reference guides, and instructional documents provided to GEICO adjusters, estimators, or claims personnel regarding the use of Mitchell's Software for claims involving modified, custom, or specialty vehicles.

**REQUEST FOR PRODUCTION NO. 7:** All communications between Mitchell and GEICO, including emails, letters, memoranda, meeting notes, and instant messages, relating to: (a) the Claim; (b) Plaintiff; (c) the Vehicle; or (d) claims involving modified or custom vehicles in South Carolina, from January 1, 2025 to the present.

**REQUEST FOR PRODUCTION NO. 8:** All documents reflecting, evidencing, or describing any configuration, customization, or parameter setting applied to Mitchell's Software at GEICO's direction or request that affects: (a) parts type selection or preference (OEM vs. aftermarket vs. salvage); (b) labor rate calculations; (c) ACV methodology; or (d) the handling of modified or custom vehicle claims.

**REQUEST FOR PRODUCTION NO. 9:** All audit logs, system logs, transaction records, and data transmission records generated by Mitchell's Software in connection with the Claim, including timestamps, user identifiers, data inputs, algorithmic outputs, and any overrides or manual adjustments.

**REQUEST FOR PRODUCTION NO. 10:** All documents relating to complaints, disputes, regulatory inquiries, or litigation alleging that Mitchell's Software systematically undervalues vehicles, excludes custom or aftermarket enhancements from valuations, or produces repair estimates that fail to restore vehicles to pre-loss condition, from January 1, 2020 to the present.

**REQUEST FOR PRODUCTION NO. 11:** All documents reflecting the total annual revenue Mitchell received from GEICO for each of the last five calendar years (2021–2025), including invoices, billing statements, and financial summaries.

**REQUEST FOR PRODUCTION NO. 12:** All documents describing Mitchell's document retention and destruction policies applicable to claims data, valuation records, client contracts, and internal communications.

**REQUEST FOR PRODUCTION NO. 13:** All internal communications within Mitchell, including emails, memoranda, instant messages, and meeting notes, discussing or referencing: (a) the systematic exclusion of custom or modified components from ACV calculations; (b) the accuracy or adequacy of Mitchell's ACV methodology for specialty or custom vehicles; or (c) any known limitation of Mitchell's Software in valuing non-standard vehicle configurations.

**REQUEST FOR PRODUCTION NO. 14:** All documents reflecting or evidencing any financial incentive, performance metric, volume discount, or contractual term between Mitchell and GEICO that is tied to claim payout amounts, indemnity severity, or cost containment metrics.

**REQUEST FOR PRODUCTION NO. 15:** A complete copy of the source code, pseudocode, or algorithmic specification for the ACV calculation module within Mitchell's Software as deployed to GEICO in South Carolina as of February 28, 2026. (Plaintiff acknowledges that production may be subject to an appropriate protective order and is prepared to stipulate to reasonable confidentiality protections.)

**REQUEST FOR PRODUCTION NO. 16:** All documents relating to any override, manual adjustment, or exception process within Mitchell's Software that permits an adjuster to deviate from the standard algorithmic ACV output, including documentation of when and how such overrides are used.

**REQUEST FOR PRODUCTION NO. 17:** All versions, release notes, changelogs, and patch documentation for Mitchell Software deployed to GEICO's South Carolina operations from January 1, 2025 through April 23, 2026.

**REQUEST FOR PRODUCTION NO. 18:** All documents reflecting Mitchell's organizational structure, including corporate hierarchy, subsidiary relationships, and the identity of Mitchell's parent company, as of the date of these requests.

**REQUEST FOR PRODUCTION NO. 19:** The Estimate of Record (Workfile ID: 105995ea) and any associated Mitchell-generated data, including the underlying valuation inputs, comparable vehicle data, parts pricing data, and algorithmic outputs used to produce or support that estimate.

**REQUEST FOR PRODUCTION NO. 20:** The Pro-Glo Estimate (Workfile ID: 929db299) if in Mitchell's possession, custody, or control, and any Mitchell-generated analysis, comparison, or commentary regarding that estimate.

---

## PART III: REQUESTS FOR ADMISSION

(Pursuant to Rule 36, SCRCP)

**REQUEST FOR ADMISSION NO. 1:** Admit that Mitchell International, Inc. is a Delaware corporation with its principal place of business in San Diego, California.

**REQUEST FOR ADMISSION NO. 2:** Admit that Mitchell develops, licenses, and maintains proprietary automotive repair estimating and valuation software.

**REQUEST FOR ADMISSION NO. 3:** Admit that Mitchell's Software is used by GEICO in the processing and adjustment of insurance claims in South Carolina.

**REQUEST FOR ADMISSION NO. 4:** Admit that Mitchell has a contractual relationship with GEICO for the provision of software products or services related to automotive claims adjustment, repair estimating, or ACV calculation.

**REQUEST FOR ADMISSION NO. 5:** Admit that Mitchell's Software was used in connection with the processing, adjustment, valuation, or estimation of the Claim (GEICO Claim No. 8848470730000003-01).

**REQUEST FOR ADMISSION NO. 6:** Admit that Mitchell's Software was used to generate, contribute to, or validate the ACV report or valuation for the Vehicle (VIN: WDBWK54FX8F182975).

**REQUEST FOR ADMISSION NO. 7:** Admit that Mitchell's Software, as configured for GEICO's use, does not include a dedicated module, field, or protocol for valuing custom-fabricated, hand-built, or bespoke vehicle components that have no aftermarket or OEM equivalent.

**REQUEST FOR ADMISSION NO. 8:** Admit that Mitchell's Software, as configured for GEICO's use, does not include a mechanism for incorporating documented specialized professional labor hours invested in custom-fabricated components into ACV calculations.

**REQUEST FOR ADMISSION NO. 9:** Admit that the Estimate of Record (Workfile ID: 105995ea) was generated using, in whole or in part, Mitchell's Software or data.

**REQUEST FOR ADMISSION NO. 10:** Admit that the Estimate of Record designated the damaged components of the Vehicle as "MODIFIED."

**REQUEST FOR ADMISSION NO. 11:** Admit that the Estimate of Record proposed the use of aftermarket replacement parts for a vehicle whose damaged components were designated as "MODIFIED."

**REQUEST FOR ADMISSION NO. 12:** Admit that a standard-dimension aftermarket bumper cover cannot properly mate with a six-inch extended custom fiberglass hood.

**REQUEST FOR ADMISSION NO. 13:** Admit that Mitchell transmits proprietary valuation algorithms, software data, and/or output via interstate electronic communication systems.

**REQUEST FOR ADMISSION NO. 14:** Admit that Mitchell's Software output directly determines or materially influences the indemnity offers GEICO extends to policyholders in South Carolina.

**REQUEST FOR ADMISSION NO. 15:** Admit that Mitchell receives revenue from GEICO in connection with the provision of Software products or services used in claims adjustment in South Carolina.

**REQUEST FOR ADMISSION NO. 16:** Admit that Mitchell's ACV calculation methodology, as deployed to GEICO, does not include a protocol for individually assessing the replacement cost of custom suspension systems, including Bilstein B8 performance suspension with H&R lowering springs.

**REQUEST FOR ADMISSION NO. 17:** Admit that Mitchell's ACV calculation methodology, as deployed to GEICO, excluded the documented custom enhancements of the Vehicle from the ACV calculation generated in connection with the Claim.

**REQUEST FOR ADMISSION NO. 18:** Admit that Mitchell has not conducted an individualized assessment of the Vehicle's custom-fabricated front fascia, extended hood assembly, or bespoke suspension configuration for purposes of the Claim.

**REQUEST FOR ADMISSION NO. 19:** Admit that Mitchell's Software, as deployed to GEICO in South Carolina, applies a standardized ACV methodology to all vehicles regardless of whether those vehicles have been designated as "MODIFIED" within the estimating platform.

**REQUEST FOR ADMISSION NO. 20:** Admit that Mitchell has received complaints or inquiries from policyholders, repair facilities, or regulatory bodies alleging that Mitchell's Software produces ACV calculations that undervalue vehicles with custom, aftermarket, or modified components.

---

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing *Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant Mitchell International, Inc.* was served upon all parties of record by electronic service/first-class mail on this _____ day of _____, 2026.

---

**Charles Prescott, Jr.**

*Pro Se* Plaintiff

150 Southwell Rd.

Columbia, SC 29210

Phone: (843) 504-4542

Email: charles@columbiataxlawyer.com