IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Charles Prescott, Jr.,

Plaintiff,

v.

GEICO General Insurance Company;
Absolute Towing, Inc.;
CCC Information Systems, Inc.;
Ryan West, Individually;
Mikael Richards, Individually;
John Doe, as Agent/Driver for
Absolute Towing, Inc.

Defendants.

PLAINTIFF'S REQUEST FOR CLERK'S
ENTRY OF DEFAULT
AGAINST DEFENDANT ABSOLUTE
TOWING, INC. PURSUANT TO FRCP 55(a)

RCV'D - USDC COLA SC
MAY 26 '26 PM12:16

Case No. 3:26-cv-01914-SAL-TER

Plaintiff Charles Prescott, Jr. respectfully requests that the Clerk enter Default against Defendant Absolute Towing, Inc. pursuant to Federal Rule of Civil Procedure 55(a).

The grounds for this request are as follows:

1. Plaintiff properly served Defendant Absolute Towing, Inc. with the Summons and Complaint on April 17, 2026, as reflected in the state court record attached to GEICO's Notice of Removal.

2. Plaintiff served discovery—including Requests for Admission, Interrogatories, and Requests for Production—on April 21, 2026, in accordance with the South Carolina Rules of Civil Procedure.

3. Defendant Absolute Towing, Inc. did not file an Answer or any responsive pleading in state court before removal on May 11, 2026.

4. On May 14, 2026, Absolute Towing, Inc. attempted to file an Answer in state court. However, because the Notice of Removal had already been filed on May 11, 2026, the state court was divested of jurisdiction under 28 U.S.C. § 1446(d). Accordingly, the May 14 Answer  is a nullity and has no legal effect.

5. Under FRCP 81(c)(2)(C), because Absolute Towing, Inc. had not answered in state court before removal, its Answer was due 7 days after the Notice of Removal was filed.

6. GEICO filed the Notice of Removal on May 11, 2026. Therefore, Absolute Towing, Inc.'s Answer or Rule 12 motion was due on May 18, 2026.

7. As of the date of this filing, Defendant Absolute Towing, Inc. has failed to plead or otherwise defend this action within the time required by the Federal Rules of Civil Procedure.

8. Under FRCP 55(a), "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default."

Because Absolute Towing, Inc. has failed to plead or otherwise defend, entry of default is mandatory.

WHEREFORE, Plaintiff respectfully requests that the Clerk enter Default against Defendant Absolute Towing, Inc. pursuant to FRCP 55(a).

Respectfully submitted,

Charles Prescott, Jr.

Plaintiff, Pro Se

150 Southwell Rd.

Columbia, SC 29210

charles@columbiataxlawyer.com

843-504-4542

Date: May 26, 2026

CERTIFICATE OF SERVICE

I hereby certify that on this 26 day of May 2026, a true and correct copy of the

foregoing Request for Clerk's Entry of Default was served via U.S. Mail and email upon:

Robert W. Whelan

Whelan Mellen & Norris, LLC

89 Broad Street

Charleston, SC 29401

robbie@whelanmellen.com

Attorney for GEICO

John Rakowsky

Attorney for Absolute Towing
900 12th Street
West Columbia, SC 29169

And upon all other parties of record via their last-known addresses.

/s/ Charles Prescott, Jr.

Plaintiff, Pro Se

RCV'D - USDC COLA SC
MAY 26 '26 PM12:16