IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Prescott, Jr., | ) | Case No. 3:26-cv-01914-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **DEFENDANT RYAN WEST'S** |
| GEICO General Insurance Company; | ) | **MOTION TO DISMISS** |
| Absolute Towing, Inc.; CCC Information | ) | |
| Systems, Inc.; Mitchell International, Inc., | ) | |
| Ryan West, Individually; Mikael Richards, | ) | |
| Individually; and John Doe, as | ) | |
| Agent/Driver for Absolute Towing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, Defendant

Ryan West ("West") makes this special appearance to move for dismissal of the claims against him

for insufficient service of process and lack of personal jurisdiction.  The grounds for this motion

are: first, Plaintiff has failed to properly serve West under South Carolina law; and second, even if

service had been properly effected (and it has not), this Court lacks personal jurisdiction over West.

Accordingly, dismissal is warranted.

## STANDARD

A motion to dismiss for insufficient service of process is governed by Rule 12(b)(5) of the

Federal Rules of Civil Procedure. State law governs the validity of service of process prior to

removal. *See Hawes v. Cart Prods., Inc.*, 386 F. Supp. 2d 681, 691 (D.S.C. 2005); *see also* 4A

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082. When service is

challenged, the plaintiff bears the burden of establishing the validity of service. *Scott v. Md. State

Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016); *Jackson v. Publix Super Markets Inc.*, No.

6:25-cv-11631-TMC-WSB, 2025 WL 3490953, at *8 (D.S.C. Oct. 10, 2025), *report and recommendation adopted*, 2025 WL 3124123 (D.S.C. Nov. 7, 2025).

Upon a Rule 12(b)(2) challenge, the plaintiff bears the burden of showing personal jurisdiction "at every stage." *SEC v. Receiver for Rex Ventures Grp., LLC*, 730 Fed.Appx. 133, 136 (4th Cir. 2018). The Court need not rely solely on the allegations of the complaint but may also consider affidavits or other evidence to determine jurisdiction. *Ormand-Ward v. Litt*, 926 S.E.2d 259, 268 (S.C. Ct. App. 2025). If the "defendant's sworn evidence contests the complaint's jurisdictional allegations, the plaintiff can no longer rest on those allegations." *Callum v. CVS Health Corp.*, 137 F.Supp.3d 817, 835 (D.S.C. 2015). And when considering those allegations in the pleadings, "the court need not credit conclusory allegations or draw farfetched inferences." *Green v. Meta Platforms, Inc*, No. 9:25-cv-12658-DCN, 2026 WL 496498, at *1, *2 (D.S.C. Feb. 23, 2026).

## ARGUMENT

### I.     Plaintiff's claims against West must be dismissed under Rule 12(b)(5).

Plaintiff failed to effect valid service by certified mail under South Carolina law.[1] Rule 4(d)(8) of the South Carolina Rules of Civil Procedure permits service by certified mail when its requirements are satisfied. Failure to comply with these requirements sufficiently renders service of process defective. *Harrison v. Elite Quartz Mfg., LLC,* No. 4:22-CV-2316-JD-TER, 2025 WL 2690059, at *2 (D.S.C. Aug. 26, 2025*), report and recommendation adopted*, No. 4:22-CV-02316-JD-TER, 2025 WL 2689892 (D.S.C. Sept. 19, 2025). On May 26, 2026, Plaintiff emailed to the

---

[1] Plaintiff alleges that Defendant Ryan West was properly served on April 23, 2026, by certified mail, restricted delivery, in accordance with Rule 4(d)(8). *See Plaintiff's Request for Clerk's Entry of Default.* Because Plaintiff alleges that service occurred on April 23, 2026, prior to GEICO's filing of its Notice of Removal on May 11, 2026, this motion discusses service under the South Carolina Rules of Civil Procedure.

undersigned a "green card" purporting to reflect service upon West through certified mail under SCRCP Rule 4(d)(8). **(See Green Card, attached as Exhibit A).** However, as discussed below, Plaintiff's attempted service through certified mail fails to meet the requirements of SCRCP 4(d)(8) in two important respects: first, it bears an illegible signature that fails to identify any authorized recipient, and was neither made nor authorized by West; second, it relies upon a return receipt that lacks any delivery date.

> **A.    West was not served with the Complaint and an unauthorized illegible signature does not establish valid service.**

A plaintiff relying on service by certified mail must demonstrate sufficient compliance with the requirements of Rule 4(d)(8), SCRCP. *Harrison*, 2025 WL 2690059, at *2 (citing *Roche v. Young Bros. of Florence*, 456 S.E.2d 897, 900 (S.C. 1995)). SCRCP 4(d)(8) expressly provides that where a defendant demonstrates the return receipt was signed by an unauthorized person, such service cannot support entry of default. Applying that rule, the District of South Carolina held service insufficient where the certified mail receipt did not clearly appear to be signed by the defendant or otherwise confirm delivery to the addressee. *Wolff v. Capeside Psychiatry & Addiction Care, PLC*, No. CV 3:19-1830-CMC-SVH, 2020 WL 1822460, at *1 (D.S.C. Jan. 9, 2020), *report and recommendation adopted sub nom. Wolff v. Capeside Psychiatry & Addiction Care, LLC*, No. 3:19-CV-1830-CMC-SVH, 2020 WL 830799 (D.S.C. Feb. 20, 2020).

Multiple courts have thus found service insufficient where a certified mail receipt bears an illegible or unidentified signature that does not establish who accepted delivery. *See, e.g., Bone v. DICK'S Sporting Goods, Inc.*, No. 3:20-CV-02856-JMC, 2022 WL 443342, at *5 (D.S.C. Feb. 14, 2022); *Stillwater Med. Ctr. Auth. v. Winchester Glob. Tr. Co. Ltd.*, No. CIV-19-954-G, 2020 WL 5823541, at *1 (W.D. Okla. Sept. 30, 2020); *Gardner v. Specialized Loan Servicing LLC*, No. 3:19-CV-1391-S-BN, 2019 WL 5790516, at *8 (N.D. Tex. Oct. 7, 2019), *report and recommendation*

*adopted*, No. 3:19-CV-1391-S-BN, 2019 WL 5790264 (N.D. Tex. Nov. 5, 2019); *Joe Hand Promotions, Inc. v. Steven Hiro Koda*, No. 2:14CV623-MHT, 2016 WL 3563288, at *2 (M.D. Ala. June 29, 2016).

Service of process on West was not valid because he was not served and, indeed, the certified mail return receipt does not reflect an authorized signature. West has averred under penalty of perjury that he did not sign the certified mail return receipt. (**Declaration of Ryan West, Exhibit B**).[2] Not only did he not authorize anyone to accept service on his behalf, the signature does not belong to any other resident of his home. *Id.* In fact, the signature on the return receipt is wholly illegible, and the return receipt does not identify the individual who signed for delivery, as the printed name field is left blank. Thus, the record contains no evidence that service was accepted by West or by any person authorized to accept service on his behalf. Because the only record evidence is that West has never been properly served the claims against West must be dismissed under FRCP 12(b)(5).

### B.    Plaintiff failed to effect proper service because the return receipt does not reflect a date of delivery.

Even if the return receipt bore the signature of West or someone authorized to accept service on his behalf, service still was not properly effected because the green card does not contain any date of delivery as required under SCRCP 4(d)(8).

Rule 4(d)(8) authorizes service by certified mail only where: (1) the summons and complaint are sent by certified mail; (2) return receipt is requested; (3) delivery is restricted to the addressee; and (4) the return receipt reflects the date of delivery, which marks completion of

---

[2] Affidavits may be submitted to establish lack of service or to rebut the sufficiency of purported service of process. *See Craig v. Global Solution Biz LLC*, No. 2:19-CV-00187-DCN, 2020 WL 528015, at *1 (D.S.C. Feb. 3, 2020) (considering affidavit testimony in evaluating challenge to service of process).

service. The Rule provides that "[s]ervice is effective upon the date of delivery as shown on the return receipt." Rule 4(d)(8), SCRCP. This requirement is reflected in a decision from this Court where it relied on an affidavit identifying the delivery date of the certified mail, rather than the date it was sent, in determining when service became effective. *Logan v. Dollar Tree Stores, Inc.*, No. 6:19-CV-1769-TMC, 2019 WL 13273849, at *3 n.4 (D.S.C. Oct. 21, 2019). Failure to comply with a required step under Rule 4(d)(8) renders service ineffective where the defendant has not appeared and lacks actual notice of the action. *See Harrison*, 2025 WL 2690059, at *2.

Here, Plaintiff cannot establish that service on West was completed under Rule 4(d)(8) because he relies upon a return receipt that does not reflect the date delivery allegedly occurred. **(Ex. A)**. Without a date on the return receipt, the record does not establish when delivery allegedly occurred or when service, if any, became complete under Rule 4(d)(8). Just as importantly, the receipt does not establish when West's time to respond would have begun to run.

**II.      Rule 12(b)(2) also requires dismissal of the claims against West.**

The determination of whether the court has personal jurisdiction over a non-resident defendant requires a two-step inquiry. The first step is to determine whether the forum state's long-arm statute authorizes the exercise of specific jurisdiction over the defendant. *Ellicott Mach. Corp. v. John Holland Party, Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993). If the long-arm statute does not allow jurisdiction, the inquiry ends. *Id.* Only after answering the first question in the affirmative does the court consider whether the exercise of jurisdiction comports with the requirements of Due Process. *Id.* Here, South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, does not permit the Court to exercise jurisdiction over West and, even if it did, exercising personal jurisdiction over West would violate the guarantees of the Fourteenth Amendment's Due Process Clause.

**A.      The South Carolina long-arm statute does not authorize the exercise of specific jurisdiction over non-resident defendant, Ryan West.**

5

South Carolina's long-arm statute limits the exercise of specific jurisdiction over a non-resident defendant to only those "cause[s] of action arising from acts enumerated in this section." *Ormand-Ward v. Litt,* 926 S.E.2d 259, 268 (S.C. Ct. App. 2025). Among these enumerated actions is a claim for conduct "causing tortious injury···in this State by an act or omission outside this State if he regularly does or solicits business, or engages in other persistent conduct, or derives substantial revenue···[from] this State." S.C. Code. Ann. § 36-2-803 (2005).[3]

Plaintiff brings claims against West for fraudulent misrepresentation, loss of use, punitive damages, civil conspiracy, and negligence per se/breach of statutory duty. These torts, alleged to have caused injury in South Carolina, do not fall within the enumerated causes of action set forth in South Carolina's long-arm statute because, even construing the statute and the Complaint broadly in his favor, Plaintiff has failed to allege facts that show West has regularly transacted business, or engaged in a persistent course of conduct, or derived substantial revenue from goods consumed in South Carolina. Indeed, what is noticeably missing from the Complaint is any assertion that West voluntarily directed *any* activity towards South Carolina, leaving personal jurisdiction to rest solely upon the transmission of a single piece of correspondence. Plaintiff alleges this letter was signed by West while "acting in his capacity as GEICO senior director" from his Florida residence—a fact Plaintiff is plainly aware of considering his attempt to make personal service on West at his home. (Compl. ¶ 65). These threadbare allegations are insufficient to support the exercise of personal jurisdiction over West. *See Pandit v. Pandit,* 808 Fed. Appx. 179

---

[3] The other seven provisions of the long arm statute are inapplicable here and therefore are not discussed. Plaintiff has not alleged that West has transacted business or contracted to supply services in the state, or that he owns property in the state, or that he entered into a contract to be performed in the state, or that he manufactures goods in the state. As for subsection (A)(3), West has not entered the State of South Carolina this year and as such could not have committed a tort within its borders related to Plaintiff's claims. *See Exhibit B.*

(4th Cir. 2020)(finding the sending of a "handful" of allegedly defamatory emails and letters to individuals in the forum "amounted to no more than isolated and sporadic association with the forum and thus did not constitute a persistent course of conduct.").[4]

### B. The exercise of personal jurisdiction over West violates the Due Process Clause of the Fourteenth Amendment.

Irrespective of S.C Code § 36-2-803 foreclosing the exercise of personal jurisdiction over West, the Due Process Clause of the Fourteenth Amendment prohibits the exercise of jurisdiction over a non-resident defendant when there are insufficient minimum contacts with the forum such that the maintenance of the suit "offend[s] traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). When determining whether those sufficient minimum contacts exist, the Fourth Circuit applies a three-part test that synthesizes the constitutional analysis to: "(1) the extent to which the defendant purposefully availed [himself] of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 278 (4th Cir. 2009). This inquiry "focuses on the relationship among the defendant, the forum, and the litigation," and, as such "the relationship must arise out of the contacts that the defendant *himself* creates with the forum state"—not the defendant's contacts with the persons who reside there. *Walden v. Fiore,* 571 U.S. 277, 284 (2014). To find personal jurisdiction proper, the plaintiff must prevail on *all* three prongs. *Consulting Eng'rs,* 561 F.3d at 278. ("If and only if, we find that the

---

[4] Maryland's long-arm statute largely mirrors South Carolina's. Specifically, the enumerated section of Maryland's statute as addressed by the *Pandit* court is slightly broader: "Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State."  Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4).

plaintiff has satisfied this first prong of the test for specific jurisdiction need we move on to a consideration of prongs two and three."). Here, Plaintiff fails on the very first step.

### i.    *Plaintiff cannot establish West purposely availed himself.*

This first prong "articulates the minimum contacts requirement of constitutional due process that the defendant purposefully availed himself of the privilege of conducting business under the laws of the forum state." *Consulting Eng'rs Corp.*, 561 F.3d at 278. Without these constitutionally required minimum contacts, the Court need not consider the second or third prongs. *Perdue Holdings, Inc. v. BRF S.A.,* 45 F.Supp.3d 514, 519 (D.Md. 2014).

The Fourth Circuit has recognized that this prong "is not susceptible to a mechanical application" and has set forth a list of factors to consider when analyzing whether a defendant has "purposely availed" himself.  *UMG Recordings, Inc. v. Kurbanov,* 963 F.3d 344, 352 (4th Cir. 2020). These factors are: "(1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted." *Id.* (citing *Consulting Eng'rs Corp.*, 561 F.3d at 278).

No such factors are present. West does not own property in the state, he does not maintain a personal office in the state, he did not solicit business in the state, his engagement—if any—with the state was isolated, West did not make in-person contact with Plaintiff, West did not correspond with Plaintiff, and, finally, West is not a party to any contract related to this litigation that is

8

governed by South Carolina law or that required performance by him in South Carolina. *See, Exhibit B.* In short, the Complaint evidences no purposeful availment by West.

There are also no allegations in the Complaint purporting to establish that West reached out to South Carolina. Instead, West's alleged availment of the privileges of conducting activities in South Carolina is limited to the approval of a single letter *in response* to a Department of Insurance complaint filed by Plaintiff. Accordingly, West did not solicit, target, or initiate contact with South Carolina, but now West is being hailed into court, in a forum he does not reside, because he approved a response letter. Without purposeful action *directed at* the forum, jurisdiction cannot be conferred. *See Batts v. Snap Inc.*, No. 2:23-cv-03565-DCN, 2024 WL 3677802, at \*1, \*11 (D.S.C. Aug. 6, 2024) (finding a tenuous connection between the forum state and out-of-state corporate officer's action because the complaint did not allege "purposeful and calculated action" directed at the forum).

Therefore, Plaintiff's failure to satisfy the first prong requires dismissal of the claims against West.

> ii.  *Plaintiff also cannot establish his claims arise out of West's limited contact with South Carolina.*

While failure of the first step alone defeats personal jurisdiction, the second step independently forecloses its exercise. The analysis of the second prong "is generally not complicated," if "*substantial* correspondence and collaboration *between the parties*, one of which is based in the forum state, forms an important part of the claim." *Dmarcian Inc. v. Dmarcian Eur. BV*, 60 F.4th 119, 134 (4th Cir. 2022) (emphasis added). Collaboration exists between the parties "where there is an integrated relation in which the parties work jointly on an activity, especially to produce or create something, as opposed to isolated interaction." *Id.* (quoting *CFA Inst. V. Inst. Of Chartered Fin. Analyst of India,* 551 F.3d 285, 295-96 (4th Cir. 2009). In other words, the second

prong is satisfied where the activity in the forum "is the genesis of the dispute." *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 303 (4th Cir. 2012).

The decision in *Sheppard v. Jacksonville Marine Supply, Inc.,* illustrates the application of the second prong of the test to nonresident corporate officers and illuminates the concept of "the genesis of the dispute." 877 F.Supp. at 264 (D.S.C. 1995). The *Sheppard* litigation concerned an ill-defined transaction between South Carolina residents and a Florida corporation acting through its president and vice president. *Id.* The court found personal jurisdiction over the corporation's president who not only initiated the transaction, but who also traveled to South Carolina to discuss investing in a South Carolina corporation, visited numerous times, and made several phone calls to individuals within the state regarding this investment. *Id.* In contrast, the court declined to extend jurisdiction over the vice president who also participated in the transaction and visited South Carolina on a few occasions but did not negotiate the terms or participate prior to the transaction's fruition. *Id.* at 267. The court's contrast of the timing and quality of the two corporate officers' interactions with the forum demonstrates the distinction between the type of contacts with a forum that gives rise to a claim versus isolated contact that is later tenuously connected to the claim.

Here, as in *Sheppard,* West's only alleged contact with South Carolina was isolated. West's isolated response to the SCDOI cannot be said to be "the genesis of the dispute." Rather, the core of both Plaintiff's SCDOI complaint and this lawsuit arises from GEICO's alleged mishandling of Plaintiff's claim. In fact, West's only alleged contact with South Carolina occurred *after* the genesis of Plaintiff's claim. To assert otherwise is to suggest that an SCDOI complaint preceded the alleged mishandling Plaintiff was (and is) complaining of. Moreover, the letter approved by West was not directed to Plaintiff or any other party in this lawsuit. It cannot be said that there was *substantial* collaboration between Plaintiff and West as required by this test; rather, there was *none*. The

10

*Sheppard* opinion further demonstrates that a defendant may have *some* contact with the forum without being thereby subjected to personal jurisdiction. The Constitution requires more than isolated, reactive contact.

Therefore, this Court lacks personal jurisdiction over West and the claims against him must be dismissed.

> iii.    *Plaintiff's failure to satisfy the first or second prongs demonstrates the failure of the third.*

The final prong, constitutional reasonableness, need not be addressed because this test requires a plaintiff to first establish the preceding prongs before examining the constitutional reasonableness of exercising personal jurisdiction over a non-resident defendant. As outlined above, Plaintiff cannot establish the first two prongs and, as such, the failure of the third is apparent. *See Auto-Owners Ins. Co. v. LBC Landscaping Servs.*, No. 1:19cv1011, 2020 WL 3893284, at *1, *4 (M.D.N.C. July 10, 2020) ("In light of the absence of any demonstration of meeting the first two prongs, the failure of the third prong is evident.").

## CONCLUSION

The service of process attempted by Plaintiff Charles Prescot Jr. on Defendant Ryan West is insufficient to satisfy the requirements of Rule 4(d)(8) of the South Carolina Rules of Civil Procedure. In addition to this fatal deficiency, Plaintiff has failed to meet his burden of making a prima facie showing of personal jurisdiction over West. For these reasons, pursuant to Rule 12(b)(5) and Rule 12(b)(2) of the Federal Rules of Civil Procedure, Plaintiff's claims against Defendant Ryan West should be dismissed.

[*Signature Page to Follow*]

WHELAN MELLEN & NORRIS, LLC

*s/ Robert W. Whelan*
Robert W. Whelan
Federal Bar No. 9242
Whelan Mellen & Norris, LLC
89 Broad Street
Charleston, SC 29401
(843) 998-7099
robbie@whelanmellen.com

*Counsel for GEICO and Ryan West*

June 1, 2026
Charleston, South Carolina

## <u>CERTIFICATE OF SERVICE</u>

I, Robert W. Whelan, the undersigned Attorney for Defendant Ryan West, do hereby certify that a copy of the electronically filed <u>MOTION TO DISMISS</u>, along with the Notice of Electronic Filing generated by the same, is being served on *pro se* Plaintiff Charles Prescott, Jr. by mailing the same to him via U.S. Regular mail, postage paid, to the following address of record:

Charles Prescott, Jr.
150 Southwell Rd.
Columbia, SC 29210

WHELAN MELLEN & NORRIS, LLC

 */s/ Robert W. Whelan*
Robert W. Whelan, Esq.

<u>June 1, 2026</u>

13