IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RCV'D - USDC COLA SC
JUN 1 '26 PM2:50

Charles Prescott, Jr.,

                  Plaintiff,

v.

GEICO General Insurance Company;
Absolute Towing, Inc.;
CCC Information Systems, Inc.;
Ryan West, Individually;
Mikael Richards, Individually;
John Doe, as Agent/Driver for
Absolute Towing, Inc.

                  Defendants.

PLAINTIFF'S REPLY TO DEFENDANT
MITCHELL INTERNATIONAL, INC.'S
MOTION TO DISMISS

Case No. 3:26-cv-01914-SAL-TER

1) Plaintiff submits this short Reply to clarify three points:

    a) the Court cannot rule on a Rule 12(b)(6) motion to dismiss before establishing subject-matter jurisdiction;

    b) Mitchell International's motion improperly seeks a merits-based adjudication while a Motion to Remand is pending; and

    c) Plaintiff's operational allegations regarding the software's functional behavior are sufficient, making an amendment unnecessary and premature under the current jurisdictional posture.

2) THE COURT CANNOT RULE ON A MOTION TO DISMISS BEFORE ESTABLISHING JURISDICTION

    a) Plaintiff's Motion to Remand remains pending. A federal court must confirm its subject-matter jurisdiction as an absolute threshold matter before issuing any order affecting the substantive rights or obligations of the parties. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) ("Without jurisdiction the court cannot proceed at all."); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999); Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007).

    b) A Rule 12(b)(6) dismissal is an adjudication on the merits with prejudice. If this Court ultimately lacks jurisdiction and remands the matter, it has no authority to bind the parties or the state court with a merits-based ruling. Mitchell International's motion to dismiss is therefore premature and cannot be reached.

3) PLAINTIFF IS NOT REQUIRED TO AMEND HIS COMPLAINT WHILE JURISDICTION IS UNRESOLVED

a) Mitchell International suggests that Plaintiff should amend the Complaint to cure its manufactured pleading deficiencies.

b) However, forcing a plaintiff to file an amended complaint in federal court while a motion to remand is actively pending improperly presumes federal authority. Doing so risks creating an unintended waiver of jurisdictional objections or the appearance of implicit consent to the federal forum. Because a federal court's first duty is to test its own jurisdiction, Plaintiff properly relies on the structural priority of his Motion to Remand.

c) Seeking leave to amend at this stage would flip the mandatory sequencing of federal litigation on its head.

4) THE COMPLAINT ALLEGES SUFFICIENT FUNCTIONAL BEHAVIOR TO SURVIVE A MOTION TO DISMISS

a) To eliminate the technical confusion driving the Rule 12(b)(6) motion, Plaintiff clarifies that his claims do not rely on a granular breakdown of Mitchell International's source code, algorithms, or internal mathematical formulas. For the purposes of stating a claim, what is relevant is the system's functional behavior, meaning how the software processes inputs, generates outputs, and interacts with external components. Courts routinely distinguish between proprietary source code and actionable functional descriptions of software performance. DeRubeis v. Witten Techs., Inc., 244 F.R.D. 676, 680–81 (N.D. Ga. 2007). The operational flows and systematic behaviors alleged in the Complaint provide fair notice of the claims under applicable pleading standards. IV. CONCLUSION For the foregoing reasons, this Court should defer ruling on Defendant's Rule 12(b)(6) Motion to Dismiss until it determines the threshold issue of subject-matter jurisdiction raised by Plaintiff's Motion to Remand.

Respectfully submitted,

Dated: June 1, 2026

Charles Prescott, Jr. Plaintiff Pro Se

843-504-4542

charles@columbiataxlawyer.com

CERTIFICATE OF SERVICE

I hereby certify that on this 1rst day of June 2026, I served a copy of the foregoing Reply and Exhibit A on all counsel of record via the Court's CM/ECF system, which automatically serves all registered users.

Charles Prescott, Jr., Plaintiff Pro Se

150 Southwell Rd.

Columbia, SC 29210

(813) 504-4542

charles@columbiataxlawyer.com

RCV'D - USDC COLA SC
JUN 1 '26 PM2:50