IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Charles Prescott, Jr.,

Plaintiff,

v.

GEICO General Insurance Company;
Absolute Towing, Inc.;
CCC Information Systems, Inc.;
Ryan West, Individually;
Mikael Richards, Individually;
John Doe, as Agent/Driver for
Absolute Towing, Inc.

Defendants.

PLAINTIFF'S REPLY TO MITCHELL
INTERNATIONAL, INC.'S
MOTION FOR PROTECTIVE ORDER

RCV'D – USDC COLA SC
JUN 1 '26 PM2:50

Case No. 3:26-cv-01914-SAL-TER

Plaintiff submits this short Reply to clarify three points: (1) the Court cannot enter a protective order before establishing subject-matter jurisdiction; (2) Mitchell International seeks to restrict discovery it has not answered; and (3) its proposed order is overbroad and unsupported, while Plaintiff's Proposed Protective Order (Exhibit A) is narrow and consistent with Rule 26(c).

I. THE COURT CANNOT ENTER A PROTECTIVE ORDER BEFORE ESTABLISHING JURISDICTION

Plaintiff's Motion to Remand remains pending. A federal court must confirm subject-matter jurisdiction before issuing any order affecting the rights or obligations of the parties. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998) ("Without jurisdiction the court cannot proceed at all."); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999); Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007).

A protective order is not ministerial; it regulates discovery and imposes enforceable obligations. If the Court ultimately lacks jurisdiction, such an order would be void. Mitchell International's motion is therefore premature.

II. MITCHELL INTERNATIONAL SEEKS TO RESTRICT DISCOVERY IT HAS NOT ANSWERED

Mitchell International was served on April 24, and Plaintiff simultaneously served Interrogatories, Requests for Production, and Requests for Admission. Under Rules 33(b)(2), 34(b)(2), and 36(a)(3), responses are due 45 days after service—June 8.

As of June 1, Mitchell International has been in possession of the discovery for 38 days and has.

* served no Interrogatory answers;

* produced no documents;

* asserted no privilege;

* served no objections; and

* engaged in no Rule 26(c)(1) conference.

Rule 26(c) requires a party to identify specific requests, assert specific objections, confer in good faith, and only then seek protection. Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991) (protective order improper where party "failed to respond or object to the discovery in the first instance"). Mitchell International seeks a blanket, pre-answer order instead of following the required sequence.

III. PLAINTIFF DOES NOT SEEK SOURCE CODE OR MATHEMATICAL FORMULAS; A FUNCTIONAL FLOW CHART IS SUFFICIENT

To eliminate any manufactured concern, Plaintiff clarifies that he does not seek Mitchell International's source code, algorithms, mathematical models, or internal formulas. Plaintiff has no interest in reviewing or analyzing code. What is relevant is the system's functional behavior—i.e., a flow chart showing how the software processes inputs, generates outputs, and interacts with other components.

Courts distinguish between source code (which may warrant heightened protection) and functional descriptions, which do not. DeRubeis v. Witten Techs., Inc., 244 F.R.D. 676, 680–81 (N.D. Ga. 2007); United States v. Apple, Inc., 952 F. Supp. 2d 638, 640 (S.D.N.Y. 2013). Plaintiff does not oppose allowing Mitchell International to designate actual source code as "ATTORNEYS' EYES ONLY," but such protection is unnecessary for the functional flow-of-operations information Plaintiff actually seeks.

IV. EVEN IF THE COURT COULD REACH THE MERITS, MITCHELL INTERNATIONAL'S PROPOSED ORDER IS OVERBROAD AND UNSUPPORTED

Rule 26(c) requires a "particular and specific demonstration of fact" showing good cause. Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981); In re Wilson, 149 F.3d 249, 252 (4th Cir.

1998). Conclusory assertions of confidentiality are insufficient. Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 125 (D. Md. 2009).

Mitchell International identifies no trade secrets, no proprietary systems, and no concrete harm. Its proposed order would allow blanket designations, restrict Plaintiff's use of discovery, and functionally delay the case. Rule 26(c) does not authorize such relief.

v. PLAINTIFF'S PROPOSED ORDER (EXHIBIT A) IS NARROW AND CONSISTENT WITH RULE 26(c)

Plaintiff does not oppose reasonable protection of legitimately confidential information. Exhibit A provides a narrow, standard protective order limited to personal identifiers and genuinely confidential business material. It prevents blanket designations, preserves discovery flow, and tracks routine language used in this District.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court:

1. Deny or defer Mitchell International's motion as premature pending resolution of subject-matter jurisdiction;

2. Alternatively, deny Mitchell International's overbroad proposed order; and

3. Enter the narrowly tailored Proposed Protective Order attached as Exhibit A.


Respectfully submitted,

Charles Prescott, Jr., Plaintiff Pro Se

150 Southwell Rd.

Columbia, SC 29210

(843) 504-4542

charles@columbiataxlawyer.com

CERTIFICATE OF SERVICE

I hereby certify that on this 1rst day of June 2026, I served a copy of the foregoing Reply and Exhibit A on all counsel of record via the Court's CM/ECF system, which automatically serves all registered users.

Charles Prescott, Jr., Plaintiff Pro Se

150 Southwell Rd.

Columbia, SC 29210

(843) 504-4542

charles@columbiataxlawyer.com