IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Charles Prescott, Jr.,

Plaintiff,

v.

GEICO General Insurance Company;
Absolute Towing, Inc.;
CCC Information Systems, Inc.;
Ryan West, Individually;
Mikael Richards, Individually;
John Doe, as Agent/Driver for
Absolute Towing, Inc.

Defendants.

PLAINTIFF'S NOTICE OF CORRECTION
REGARDING SERVICE STATUS

RCV'D – USDC COLA SC
JUN 1 '26 PM2:50

Case No. 3:26-cv-01914-SAL-TER

COMES NOW Plaintiff Charles Prescott, Jr., pro se, and respectfully files this Notice of Correction to clarify and correct certain statements made in his Omnibus Motion to Remand, Motion for Sanctions Under 28 U.S.C. § 1447(c), and Memorandum of Law (ECF No. 19) (the "Motion").

1. CORRECTIONS

   a. Paragraph 4 of the Motion stated that "Exhibit C are the Service Cards (Certified Mail receipts) for Defendants CCC Information Systems, Inc. and David Ryan West. These documents prove service was perfected."

   b. Correction: Exhibit C contains service cards for David Ryan West (perfected) and CCC Information Systems, Inc. However, the service card for CCC Information Systems, Inc. had not been returned as of the date of removal (May 11, 2026). Accordingly, while service was attempted on CCC Information Systems, Inc., service had not been perfected as of the removal date.

   c. The Motion's references to Mikael Richards as "served" were based on the filing of a summons directed to Mr. Richards.

   d. Correction: A summons was prepared and mailed to Mikael Richards, but no signed green card had been returned as of the removal date. Accordingly, Mr. Richards had not been properly served as of May 11, 2026.

2. NO CHANGE TO CORE ARGUMENTS

   a. These corrections do not alter the legal basis for remand or sanctions:

   i. GEICO was not served when it filed its Notice of Removal (GEICO admitted this in Paragraph 1 of its Notice). Under Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), an unserved defendant lacks standing to remove. This remains a total procedural defect.

   ii. Absolute Towing, Inc., Mitchell International, Inc., and Ryan West were all properly served before removal. None consented to removal. The rule of unanimity under 28 U.S.C. § 1446(b)(2)(A) was therefore violated.

   iii. GEICO's counsel certified that he "believes that the other defendants in this matter have not been properly served." That certification was incorrect as to Absolute Towing, Mitchell International, and Ryan West – all of whom had been served. Counsel represented Ryan West as of April 27, 2026, and reasonably should have known his service status.

 3. CONCLUSION

 4. Plaintiff respectfully submits this Notice of Correction to ensure the accuracy of the record. The Motion to Remand and for Sanctions remains fully pending and is not withdrawn or amended in any other respect.

Respectfully submitted,

Charles Prescott, Jr., Plaintiff Pro Se

150 Southwell Rd.

Columbia, SC 29210

(843) 504-4542

charles@columbiataxlawyer.com

Dated: May 31, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, a true and correct copy of the foregoing Notice of Correction was filed with the Court's CM/ECF system, which will automatically serve all counsel of record, including:

Robert W. Whelan

Whelan Mellen & Norris, LLC

39 Broad Street

Charleston, SC 29401

robbie@whelanmellen.com

Charles Prescott, Jr.

RCV'D – USDC COLA SC
JUN 1 '26 PM2:50