IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RCV'D - USDC COLA SC
JUN 5 '26 PM2:38

| | |
|---|---|
| Charles Prescott, Jr., <br><br> Plaintiff, <br><br> v. <br><br> GEICO General Insurance Company; <br> Absolute Towing, Inc.; <br> CCC Information Systems, Inc.; <br> Ryan West, Individually; <br> Mikael Richards, Individually; <br> John Doe, as Agent/Driver for <br> Absolute Towing, Inc. <br> Defendants. | PLAINTIFF'S MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANT MIKAEL RICHARDS UNDER FED. R. CIV. P. 4(e)(1) AND SOUTH CAROLINA RULE 4(d)(8), SCRCP <br><br> Case No. 3:26-cv-01914-SAL-TER |

Plaintiff Charles Prescott, Jr. respectfully moves this Court for an Order authorizing alternative service of Defendant Mikael Richards pursuant to Fed. R. Civ. P. 4(e)(1) and South Carolina Rule of Civil Procedure 4(d)(8). In support of this Motion, Plaintiff states as follows:

## FACTUAL BACKGROUND

1) Plaintiff attempted service of Defendant Richards by certified mail, restricted delivery, in accordance with S.C. R. Civ. P. 4(d)(8) and Fed. R. Civ. P. 4(e)(1).

2) USPS tracking records (Exhibit A) show that the certified service packet addressed to Defendant Richards has been "Available for Pickup" since May 11, 2026. USPS records further reflect that Defendant placed his mail on hold during the attempted delivery period.

3) Defendant Richards has not retrieved the certified mailing and has taken no steps to facilitate service. The certified article remains unclaimed

4) Attorney Robert W. Whelan has affirmatively stated in writing that he represents Defendant Richards in this matter. A true and correct copy of counsel's email confirming representation is attached as Exhibit B.

5) Counsel is aware of the lawsuit, aware of the attempted service, and aware that the certified packet has been held at the post office since May 11. Despite this knowledge, Defendant Richards continues to avoid service.

6) Defendant's conduct demonstrates intentional avoidance of service, rendering traditional methods impracticable.

## LEGAL STANDARD

7) Fed. R. Civ. P. 4(e)(1) permits service of an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

8) South Carolina Rule 4(d)(8) provides:
"When the plaintiff, despite due diligence, is unable to serve the defendant by the methods prescribed in this rule, the court may authorize service by publication or such other means as it deems appropriate in the circumstances and reasonably calculated to give actual notice."

9) South Carolina courts have held that intentional avoidance of service satisfies the "due diligence" requirement and justifies alternative service. See Roche v. Young Bros., Inc., 318 S.C. 207, 209, 456 S.E.2d 897 (1995); Moore v. Simpson, 322 S.C. 518, 473 S.E.2d 64 (Ct. App. 1996).

10) Federal courts applying Rule 4(e)(1) likewise authorize alternative service where a defendant is avoiding service and counsel has actual notice of the action. See SEC v. Anticevic, No. 05 Civ. 6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009).

## ARGUMENT

11) Plaintiff has exercised due diligence in attempting service:
   a) Sent certified mail, restricted delivery, to Defendant's address
   b) Obtained USPS confirmation that the item has been available since May 11 (Ex. A);
   c) Confirmed that Defendant placed his mail on hold (Ex. A);
   d) Confirmed that Defendant has not retrieved the packet;
   e) Obtained written confirmation that Defendant is represented by counsel (Ex. B);
   f) Confirmed that counsel has actual notice of the lawsuit and the attempted service.

12) Defendant Richards is intentionally avoiding service. His conduct falls squarely within the circumstances contemplated by Rule 4(d)(8).

13) Service on Attorney Whelan is reasonably calculated to give actual notice, satisfies due process, and is the least intrusive and most efficient method under the circumstances.

14) Counsel has admitted representation and is actively monitoring the case.

15) Accordingly, Plaintiff requests that the Court authorize service upon Defendant Richards by:
   a) Service on Attorney Whelan, as counsel who has admitted representation; and/or

b)  Any additional method the Court deems reasonably calculated to provide notice.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order authorizing alternative service of Defendant Richards pursuant to Fed. R. Civ. P. 4(e)(1) and S.C.R. Civ. P. 4(d)(8), including service upon Attorney Whelan as counsel of record.

Respectfully submitted,

Charles Prescott, Jr.

Plaintiff Pro Se

150 Southwell Rd.

Columbia, SC 29210

Date: 6/7/26