IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RCV'D - USDC COLA S
JUN 5 '26 PM2:38

Charles Prescott, Jr.,

Plaintiff,

v.

GEICO General Insurance Company;
Absolute Towing, Inc.;
CCC Information Systems, Inc.;
Ryan West, Individually;
Mikael Richards, Individually;
John Doe, as Agent/Driver for
Absolute Towing, Inc.

Defendants.

PLAINTIFF'S COMBINED REPLY IN
OPPOSITION TO DEFENDANT RYAN
WEST'S MOTION TO DISMISS AND MOTION
TO STRIKE

Case No. 3:26-cv-01914-SAL-TER

Plaintiff submits this combined Reply and Motion to Strike to correct the factual and legal defects in Defendant Ryan West's Motion to Dismiss. The motion fails for four independent reasons: (1) service was valid under SCRCP 4(d)(8); (2) even if service were defective, dismissal is not the remedy; (3) West purposefully directed conduct into South Carolina and is subject to specific jurisdiction; and (4) West was in default and lacked standing to file a Rule 12(b) motion. Because West was in default at the time he filed his motion, the filing is procedurally void and must be stricken.

I. SERVICE WAS VALID UNDER RULE 4(d)(8)

West argues that service was defective because the signature on the green card is illegible and the delivery date is not handwritten. Rule 4(d)(8) requires only that the return receipt be "signed" and that delivery be shown. It does not require a legible signature, printed name, or handwritten date. The USPS tracking sheet establishes restricted delivery to West's residence and the exact date and time of delivery. West's declaration does not rebut delivery. He states only: "The mark appearing on the certified mail return receipt is not my signature" and "I did not authorize any individual...to sign on my behalf." (West Decl. ¶¶ 8–9.) He further admits: "The signature on the return receipt is illegible to me and does not identify any clear recipient of the mailing." (Id. ¶ 10.) This admission defeats his challenge. If he cannot identify the signer, he cannot meet his burden to prove improper service. Delivery to the address is sufficient under Rule 4(d)(8).

## II. EVEN IF SERVICE WERE DEFECTIVE, DISMISSAL IS NOT THE REMEDY

The Fourth Circuit holds that when service is defective but curable, the court must quash service and allow re-service, not dismiss the action. West indisputably received actual notice. Plaintiff emailed him the Complaint on April 23, 2026. West's declaration confirms he received the green card from counsel on May 26. Actual notice eliminates any claim of prejudice and bars dismissal under Rule 12(b)(5).

## III. PERSONAL JURISDICTION EXISTS OVER WEST

West purposefully directed conduct into South Carolina. He admits: "I approved the March 26, 2026 response to the South Carolina Department of Insurance...after which my electronic signature was added to the letter and it was transmitted to the SCDOI." (West Decl. ¶ 16.) This is deliberate engagement with a South Carolina regulatory agency concerning a South Carolina insurance claim. Plaintiff's claims arise directly from that letter. West also received the Complaint by email on April 15, confirming his awareness of the South Carolina dispute before approving the SCDOI letter. This satisfies the first and second prongs of the specific-jurisdiction test. Exercising jurisdiction is constitutionally reasonable because West is a 33-year GEICO senior director who routinely approves regulatory correspondence. (West Decl. ¶ 13.)

## IV. WEST WAS IN DEFAULT AND COULD NOT FILE A RULE 12(b) MOTION

Service on West was completed April 23, 2026. Plaintiff requested entry of default on May 26, 2026. West never filed a Rule 55(c) motion to set aside default. A defendant in default cannot file a Rule 12(b) motion unless the default is first set aside. Courts consistently hold that a defaulted party "has no right to appear in the action or file motions" until relief is granted under Rule 55(c).

## V. MOTION TO STRIKE DEFENDANT WEST'S RULE 12(b) MOTION

Because West was in default at the time he filed his motion, his Rule 12(b)(5) and 12(b)(6) motion is a nullity and must be stricken. Striking is the proper remedy where a defaulted defendant attempts to file a pre-answer motion without first obtaining Rule 55(c) relief. Courts routinely strike such filings to preserve the procedural sequence mandated by Rule 55.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant West's Motion to Dismiss and strike the filing in its entirety.


Respectfully submitted,


Charles Prescott, Jr.

Pro Se Plaintiff