# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Prescott, Jr., | ) | Civil Action No. |
| | ) | 3:26-cv-1914-SAL-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEICO General Insurance Company, | ) | **DEFENDANT MITCHELL** |
| Absolute Towing, Inc.; Mitchell | ) | **INTERNATIONAL, INC.'S REPLY IN** |
| International, Inc.; CCC Information | ) | **SUPPORT OF ITS MOTION TO DISMISS** |
| Systems, Inc.; Ryan West, Individually; | ) | |
| Mikael Richards, Individually; and JOHN | ) | |
| DOE as Agent/Driver for Absolute | ) | |
| Towing, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

On May 18, 2026, Defendant Mitchell International, Inc. ("Mitchell") moved this Court to dismiss Plaintiff Charles Prescott, Jr.'s ("Plaintiff") Complaint. (ECF No. 10). Plaintiff filed his response in opposition on June 1, 2026. (ECF No. 21). Mitchell now submits this short reply to address a few points raised by Plaintiff therein.

First, Plaintiff urges this Court to not rule on Mitchell's motion to dismiss until the Court rules on his motion to remand. Fair point, perhaps, but despite Plaintiff's arguments to the contrary, this Court is not completely divested of its power to rule on Mitchell's pending dispositive motion. Although Courts typically address motions to remand prior to considering motions to dismiss, a narrow exception exists for the Court to grant dismissal on other non-merit-based grounds because such a dismissal does not constitute an exercise of substantive law-

declaring power.  *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) (dismissing for lack of personal jurisdiction); *Sinochem Int. Co. Ltd. v. Malaysia Int. Shipping Corp.*, 549 U.S. 422 (2007) (dismissing on grounds of *forum non conveniens*).  In Mitchell's motion to dismiss, Mitchell argued, in part, that dismissal is appropriate due to Plaintiff's failure to sufficiently plead facts to establish both subject matter jurisdiction and personal jurisdiction.  Neither a ruling on Mitchell's subject matter jurisdiction argument nor personal jurisdiction argument would constitute a ruling on the merits in this case.

In *Ruhrgas*, the United States Supreme Court dealt with a matter in which there were pending motions to remand and to dismiss.  The Supreme Court held that in cases removed from state court to federal court, "there is no unyielding jurisdictional hierarchy."  *Id.* at 578.  It explained that although federal courts customarily resolve doubts about its jurisdiction over the subject matter, "there are circumstances in which a district court appropriately accords priority to a personal jurisdictional inquiry."  *Id.*  Here, *Ruhrgas* stands for the proposition that this Court does have the power to rule on Mitchell's subject matter jurisdiction and personal jurisdiction arguments before considering Plaintiff's motion to remand because "there is no unyielding jurisdictional hierarchy."

Nevertheless, Plaintiff's plea for the Court to first consider his motion to remand before moving this case forward is inconsistent with how he has been litigating this matter so far.  On one hand, he claims this Court completely lacks jurisdiction in light of an improper removal.  But on the other hand, he demands this Court make rulings that are favorable to him regardless of a threshold jurisdictional inquiry.  *See* ECF No. 24 (moving for entry of default against Defendants Absolute and West); ECF No. 29 (moving to accelerate review of all pending motions).

Second, although the Court is certainly aware, Mitchell must underscore that Plaintiff's response failed to substantively address the arguments Mitchell raised in its motion to dismiss. Mitchell argued dismissal was appropriate for (1) improper service; (2) lack of personal jurisdiction; (3) lack of subject matter jurisdiction; (4) failure to comply with Rule 8; and (5) failure to state a claim pursuant to Rule 12(b)(6). Nothing in Plaintiff's response demonstrates that dismissal is not appropriate.

Third, Plaintiff makes a conclusory claim that he has alleged sufficient facts to survive dismissal. Not so. According to his Complaint, Plaintiff's theory of the case against Mitchell is as follows. Mitchell sells a product that GEICO purchased. GEICO allegedly used (maybe) Mitchell's product or (maybe) a co-defendant's product as a component of Plaintiff's insurance claim evaluation. That's it. This is not enough to state a plausible claim, and this is not enough to comply with Rule 8. Allowing a matter to proceed based on these threadbare allegations would set dangerous precedent, allowing companies that simply sold a product to another company to be lumped into protracted litigation.

Based on the foregoing, Mitchell respectfully requests the Court grant its motion to dismiss Plaintiff's Complaint.

*(signature page to follow)*

SMITH│ROBINSON

s/ Austin T. Reed
Daniel C. Plyler, Fed. ID #9762
Austin T. Reed, Fed. ID #13405
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
Austin.Reed@SmithRobinsonLaw.com

*Counsel for Defendant Mitchell International, Inc.*

Columbia, South Carolina

June 8, 2026

4