**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Charles Prescott, Jr., | ) | Civil Action No. |
| | ) | 3:26-cv-1914-SAL-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEICO General Insurance Company, | ) | **DEFENDANT MITCHELL** |
| Absolute Towing, Inc.; Mitchell | ) | **INTERNATIONAL, INC.'S REPLY IN** |
| International, Inc.; CCC Information | ) | **SUPPORT OF ITS MOTION FOR** |
| Systems, Inc.; Ryan West, Individually; | ) | **PROTECTIVE ORDER AND/OR** |
| Mikael Richards, Individually; and JOHN | ) | **TEMPORARY STAY OF DISCOVERY** |
| DOE as Agent/Driver for Absolute | ) | |
| Towing, Inc. | ) | |
| | ) | |
| Defendants. | | |

On May 19, 2026, Defendant Mitchell International, Inc. ("Mitchell") moved this Court for a protective order requesting a temporary stay of discovery. (ECF No. 16). Plaintiff Charles Prescott, Jr. ("Plaintiff") filed his response in opposition on June 1, 2026. (ECF No. 22). Mitchell now submits this short reply to address a few points raised therein.

Mitchell's motion for protective order set forth three independent reasons in support of its request that the Court enter a temporary stay of discovery. Those points being—(1) removal made Plaintiff's previously issued state court written discovery requests null and void; (2) Plaintiff's request for discovery was premature in light of this Court's procedural rules governing when discovery can commence; and (3) other good cause (pending dispositive motion, requests for

1

confidential information, etc.) existed to issue a temporary stay. Plaintiff's response does nothing to combat these legitimate arguments.

Instead, Plaintiff draws this Court's attention to his motion to remand, where he is contesting the validity of Defendant GEICO's removal. He asserts that this Court does not have the power to rule on this issue before ruling on the motion to remand. But Plaintiff is incorrect, and in fact, his filing of a motion to remand provides additional good cause to support a temporary stay of discovery. *See, e.g.*, *In re Lipitor*, 2014 WL 12621613 (D.S.C. Nov. 13, 2014) (granting a partial stay of discovery until resolution of motions to remand); *Wavetamer Gyros, LLC v. Sutton Nat. Ins. Co.*, 2025 WL 2712832 (E.D.N.C. Sept. 23, 2025) (staying discovery in light of pending motions to dismiss and remand); *Wilmington Savings Fund Society FSB v. El*, 2019 WL 6310718 (D.Nev. Nov. 25, 2019) ("[P]reliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay" and staying discovery pending motion to remand); *Medlin v. Andrew*, 113 F.R.D. 650 (M.D.N.C. Jan. 15, 1987) (recognizing a stay of discovery could be appropriate where the plaintiff's motion to remand challenges the court's jurisdiction). At bottom, the power to issue a stay stems from this Court's inherent power to manage its docket efficiently, and the Court is not divested of this power simply because Plaintiff filed a motion to remand.

Next, Plaintiff makes the argument that Mitchell seeks to restrict discovery that it has not already answered. That's correct. Mitchell filed its motion to stay discovery to allow this Court sufficient time to address the pending dispositive motions *before* the parties embarked on detailed discovery which may not even be needed and (if appropriate) would require the navigation of thorny confidentiality concerns. Such motions are routinely filed and are filed proactively to

prevent the unnecessary expenditure of resources that may never be needed in light of the dispositive motions.

Finally, Plaintiff claims all of Mitchell's concerns about confidential and proprietary information can be resolved via his proposed confidentiality order.  Not so.  Plaintiff's proposed confidentiality order is woefully inadequate, and discovery (even under a confidentiality order) would necessarily include discovery responses being exchanged with co-defendants to include a major competitor of Mitchell.  Mitchell's position remains that discovery should not commence at all until the important threshold dispositive issues have been ruled upon.

Based on the foregoing, Mitchell respectfully requests the Court grant its request for a protective order and issue a temporary stay of discovery.

SMITH │ ROBINSON

_s/ Austin T. Reed_
Daniel C. Plyler, Fed. ID #9762
Austin T. Reed, Fed. ID #13405
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
Austin.Reed@SmithRobinsonLaw.com

*Counsel for Defendant Mitchell International, Inc.*

Columbia, South Carolina

June 8, 2026

3