IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Prescott, Jr., Plaintiff, vs. GEICO General Insurance Company; Absolute Towing, Inc.; CCC Information Systems, Inc.; Mitchell International, Inc., Ryan West, Individually; Mikael Richards, Individually; and John Doe, as Agent/Driver for Absolute Towing, Inc., Defendants. | ) | Case No. 3:26-cv-01914-SAL-TER **DEFENDANT GEICO GENERAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

GEICO Secure Insurance Company, incorrectly identified as GEICO General Insurance Company ("GEICO") files this Response to Plaintiff's Motion to Remand. Plaintiff's motion appears to have four bases: (1) an allegation that GEICO is unable to remove this action until Plaintiff chooses to serve GEICO; (2) an apparent claim that because South Carolina law allows an insurer to be served through the South Carolina Department of Insurance, removal was improper; (3) an allegation that Defendants Ryan West and Absolute Towing were served prior to the Notice of Removal; and (4) a largely unsupported request that the Court exercise *Burford* abstention.[1] As discussed below, each basis fails; Plaintiff's Motion to Remand should be denied.

## ARGUMENT

### I. Plaintiff may not prevent GEICO'S right to removal by withholding service.

[1] Plaintiff's Motion also seeks sanctions against the undersigned based upon the undersigned's belief that no defendants had been properly served at the time of removal. As described below, the undersigned believed at the time of removal that no defendants had been properly served, and still maintains that same belief.

Plaintiff first claims that his own decision not to serve GEICO with process "renders removal a procedural nullity." (Mot. p. 2) The basis for this argument is not entirely clear, but it appears Plaintiff is relying entirely upon *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, (1999) to support the proposition that an unserved defendant may not remove. Not so.

In *Murphy Brothers*, the Supreme Court found that mere receipt of a complaint without formal service did not trigger the ticking of a defendant's *deadline* to remove. But *Murphy Brothers* did not address the question raised by Plaintiff: whether service is a prerequisite for a defendant wishing to voluntarily remove a case prior to the removal deadline beginning to run.

While this specific issue has not been addressed by the Fourth Circuit, five other Circuits and numerous district courts have held that an unserved defendant *can* remove. *Novak v. Bank of N.Y. Mellon Trust Co., NA.*, 783 F.3d 910, 912 (1st Cir. 2015) ("We conclude that service is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends."); La Russo v. St. George's Univ. Sch. of Med., 747 F.3d 90, 97 (2d Cir. 2014) ("Nothing in sections 1441 or 1446 requires a removing defendant to have appeared in the state court proceeding prior to removal. Nor is there merit in La Russo's claim that removal was improper because SGU Ltd. was not served. Service of process upon a removing defendant is not a prerequisite to removal."); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("We read § 1446(b) and its "through service or otherwise" language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served."); *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024) (Holding that service was not required prior to removal and noting "that all other circuit courts that have considered this issue have reached the same conclusion."); *Whitehurst v.*

*Wal-Mart,* 306 F. App'x 446, 448 (11th Cir. 2008) (unpublished) ("[N]othing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal."); *Tinoco v. Thesis Painting Inc.*, No. GJH-16-752, 2016 WL 6495428, at *2 (D. Md. Nov. 1, 2016) (holding notice of removal was proper where the defendant was not properly served prior to removal and citing *Novak*). S*ee also*, Wright and Miller § 3731 Procedure for Removal—Time for Seeking Removal, 14C Fed. Prac. & Proc. Juris. § 3731 (Rev. 4th ed.) ("Federal courts generally will not reject the removal simply because the notice of removal was filed before defendant received the complaint.")

Indeed, as the Ninth Circuit pointed out in *Mayes,* an entire code section speaks to the procedure for an unserved defendant to be served after removal—under Plaintiff's theory 28 U.S.C. 1448 would be superfluous. *Mayes* at 1079; 28 U.S.C. 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.")

**II. South Carolina Code § 15-9-270 does not foreclose removal.**

Plaintiff appears to argue at page 3, 5, and 6 of his motion that because S.C. Code § 15–9–270 provides that the Director of the South Carolina Department of Insurance is an insurer's statutory agent, GEICO's removal was somehow improper, and this Court should not hear this action because the requirement to serve the SCDOI Director reflects a need for a state forum. In addition to perhaps missing the point of federal jurisdiction, Plaintiff's argument ignores the fact that 15-9-270 does not provide the exclusive method of service—insurers are free to elect service through other means and bypass service through SCDOI should they chose. *White Oak Manor,*

*Inc. v. Lexington Ins. Co.*, 407 S.C. 1, 5, 753 S.E.2d 537, 539 (2014). Additionally, every volume of the Federal Reporter is filled with cases involving insurance companies as litigants. Plaintiff's theory, if adopted, cannot be reconciled with the routine exercise of federal jurisdiction over insurers in courts throughout the country.

**III. There are no unanimity concerns.**

Plaintiff's own brief concedes that unanimity is only required for defendants who have been properly served. (Mot. p. 2-3). However, Plaintiff appears to conflate *attempted* service with *proper* service. Plaintiff's brief purported to attach "service cards" for two defendants—Ryan West and CCC. However, Plaintiff subsequently filed a "correction" (ECF No. 23) conceding that the alleged service card for CCC was not returned until after removal. That leaves the service card for Ryan West.[2] As explained in his Motion to Dismiss (ECF No. 20), which is referred to and incorporated herein by reference, West was never served, the supposed green card was not signed by him, and the green card is not compliant with South Carolina law as it is both illegible and undated. Thus, because Plaintiff has failed to comply with the service rules and has failed to provide evidence establishing *valid* service prior to removal, his Motion necessarily fails.

**IV. Federal jurisdiction controls absent a valid basis for abstention, and Plaintiff's claims do not warrant departure from that rule.**

An abstention under the *Burford* doctrine is an "extraordinary and narrow exception" to a federal court's "virtually unflagging obligation" to exercise the jurisdiction conferred upon it. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 727 (1996). Grounded in the equitable discretion

---

[2] Plaintiff also made unsubstantiated allegations of service with respect to Absolute Towing, Mikael Richards, and Mitchell International. Plaintiff's bald allegations are not sufficient to carry his burden; even if they were, Plaintiff's correction admits that his allegation of service as to Richards was untrue, Mitchell has not been properly served as explained in its motion to dismiss, and upon information and belief, Absolute Towing has also not been properly served—indeed, Plaintiff has filed no proof of service with respect to any of these three.

of federal courts, *Burford* may only apply where federal adjudication would unduly interfere with complex state administrative processes involving substantial public concern. *Burford v. Sun Oil Co.*, 319 U.S. 315, 318 (1943).

A federal court may abstain under *Burford* from its "strict duty to exercise" congressionally conferred jurisdiction only in rare circumstances. *Quackenbush*, 517 U.S. at 716. The threshold question for *Burford* remand is whether the relief sought is equitable or otherwise discretionary in nature. *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 824 (4th Cir. 2000). If that threshold is met, remand is appropriate only where federal adjudication would "unduly intrude" upon complex state administrative processes, either through (1) difficult questions of state law with public importance or (2) disruption of a state's efforts to maintain a coherent policy on matters of substantial public concern. *Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359, (1989) (*NOPSI*). Plaintiff's allegations satisfy neither the equitable threshold nor the undue intrusion requirements, precluding remand.

### A. *Burford* remand is limited to claims seeking equitable or discretionary relief, unlike Plaintiff's claims.

Claims seeking monetary relief fall outside the scope of remand under *Burford*. *Quackenbush*, 517 U.S. at 707. Federal courts may remand under *Burford* only where the relief sought is equitable or otherwise discretionary. *Id.* The Supreme Court has explained that abstention doctrines derive from the historic discretion of federal courts "sitting in equity." *Id.* at 718. *Burford* cannot operate as a vehicle to reroute damages claims away from federal jurisdiction. *See Myles Lumber Co.*, 233 F.3d at 823; *see also Gracious Living Corp. v. Colucci & Gallaher, P.C.*, 216 F. Supp. 3d 662, 671 (D.S.C. 2016).

Because Plaintiff has not pleaded any remedy invoking the Court's equitable or other discretionary powers, remand under *Burford* is inapplicable. Plaintiff pleads only claims involving monetary relief for damage to his vehicle and other losses, and his prayer seeks compensatory damages, statutory damages, and punitive damages. (Compl. at 25–26). These non-equitable remedies confirm that Plaintiff's claims fall outside the narrow category of cases in which *Burford* remand may apply.

**B. Only in exceptional cases does *Burford* abstention apply; Plaintiff's routine claims do not implicate complex state processes.**

Even if equitable relief had been properly pleaded, Plaintiff's allegations fail because the premise for *Burford* abstention is the presence of "extraordinary circumstances." *Quackenbush*, 517 U.S. at 718. Only in exceptional cases does federal adjudication "unduly intrude" upon complex state administrative processes, through (1) difficult questions of state law of substantial public importance or (2) federal review that would disrupt a state's efforts to maintain a coherent policy on matters of substantial public concern. *Martin*, 499 F.3d at 364 (quoting *NOPSI*, 491 U.S. at 359). Neither circumstance is present here.

***i. Plaintiff's claims do not present unsettled or complex questions of South Carolina law warranting abstention.***

This case does not implicate difficult questions of South Carolina law that would justify remand. Because *Burford* is a narrow exception, it is rarely appropriate. *Martin*, 499 F.3d at 363. Federal courts cannot decline jurisdiction based on state-law issues where the claims are routine and the significance of the claims is limited to the individual case at hand. *Gross*, 217 F.3d at 224.

Here, Plaintiff asserts twelve causes of action in connection with an alleged automobile loss and related insurance claim-handling conduct. (Compl. Counts I–XII). This action is properly before this Court due to Plaintiff's federal Racketeer Influenced and Corrupt Organizations Act

("RICO") claim. (Compl. Count X). Although Plaintiff also asserts state-law tort and contract claims, (Compl. Counts I–IX, XI–XII), those claims do not require resolution of any unsettled question of South Carolina law. Moreover, Plaintiff fails to identify any such question as a basis for remand. Remand is therefore unwarranted.

***ii. Plaintiff's claims do not threaten any coherent state insurance regulatory policy which would warrant abstention.***

Because Plaintiff asserts a federal RICO claim against GEICO arising from alleged insurance claims-handling conduct, no disruption to any state administrative regime is implicated. The mere fact that a dispute touches on insurance regulation does not justify abstention. *Gross*, 217 F.3d at 223. Nor is *Burford* triggered simply because federal adjudication may create some potential conflict with state policy. *NOPSI,* 491 U.S. at 362.

Rather, *Burford* abstention applies in circumstances involving core state regulatory concerns. *Johnson v. Collins Ent. Co.*, 199 F.3d 710, 720–22 (4th Cir. 1999). Although *Burford* may apply where federal claims, including RICO claims, implicate core state police-power concerns, such circumstances remain exceptional. *Id.* Where RICO-based claims intersect with insurance regulation and federal review would not meaningfully disrupt state enforcement mechanisms, courts have declined to abstain. *See Univ. of Maryland at Baltimore v. Peat Marwick Main & Co.*, 923 F.2d 265, 275 (3d Cir. 1991); *see also William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 866 (6th Cir. 2021).

Plaintiff asserts a RICO claim premised on alleged wire fraud arising from GEICO's claims-handling practices. (Compl. ¶¶ 173–77). Plaintiff alleges that this conduct involves communications directed to state regulators within the insurance regulatory sphere. (Mot. to Remand ¶ 6). However, Plaintiff's allegations reflect no uniquely regulatory or state-specific controversy warranting abstention. The alleged conduct consists of "standardized adjustment"

insurance practices that "affect interstate commerce," and two of the predicate acts alleged are wire fraud claims based on interstate electronic transmissions. (Compl. ¶¶ 173–79). Indeed, Plaintiff alleges that the transmission of claims data operates "across state lines to policyholders." (Compl. ¶ 173), reinforcing that the alleged conduct is not confined to a single state system.

Plaintiff's theory rests on uniform claims-handling practices rather than any uniquely state-administered regulatory determination. Because adjudication of these allegations would not disrupt South Carolina's insurance regulatory framework or intrude upon its core policy-making functions, *Burford* abstention is unwarranted.

**CONCLUSION**

For the reasons stated above, Defendant respectfully asks this Court to deny Plaintiff's Motion to Remand.

WHELAN MELLEN & NORRIS, LLC

*s/ Robert W. Whelan*
Robert W. Whelan
Federal Bar No. 9242
Whelan Mellen & Norris, LLC
89 Broad Street
Charleston, SC 29401
(843) 998-7099
robbie@whelanmellen.com

*Counsel for GEICO*

June 9, 2026
Charleston, South Carolina

**CERTIFICATE OF SERVICE**

I, Robert W. Whelan, the undersigned Attorney for Defendant Geico General Insurance Company, do hereby certify that a copy of the electronically filed MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND, along with the Notice of Electronic Filing generated by the same, is being served on *pro se* Plaintiff Charles Prescott, Jr. by mailing the same to him via U.S. Regular mail, postage paid, to the following address of record:

Charles Prescott, Jr.
150 Southwell Rd.
Columbia, SC 29210

WHELAN MELLEN & NORRIS, LLC

*/s/ Robert W. Whelan*
Robert W. Whelan, Esq.

June 9, 2026