**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Charles Prescott, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>GEICO General Insurance Company, Absolute Towing, Inc.; Mitchell International, Inc.; CCC Information Systems, Inc.; Ryan West, Individually; Mikael Richards, Individually; and JOHN DOE as Agent/Driver for Absolute Towing, Inc.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>3:26-cv-1914-SAL-TER<br><br><br><br><br>**DEFENDANT MITCHELL INTERNATIONAL, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

On May 11, 2026, Defendant GEICO General Insurance Company ("GEICO") removed this matter to federal court from the Richland County Court of Common Pleas. (ECF No. 1). Subsequently, Plaintiff Charles Prescott, Jr. ("Plaintiff") filed a motion to remand on May 26, 2026. (ECF No. 19). Defendant Mitchell International, Inc. ("Mitchell") now submits this response in opposition. Mitchell asserts this matter is properly pending before this Court and requests the Court deny Plaintiff's motion to remand.[1]

[1] By submitting this response in opposition to Plaintiff's motion to remand, Mitchell does not waive any of its arguments set forth in its motion to dismiss, including improper service, lack of personal jurisdiction, and lack of subject matter jurisdiction. (ECF No. 10). Although Mitchell maintains this matter should be dismissed as to the allegations made against Mitchell, Mitchell believes that this Court is the appropriate forum to rule on those arguments.

## BACKGROUND

Plaintiff filed the instant lawsuit on April 16, 2026, in the Richland County Court of Common Pleas. In his Complaint, he set forth numerous causes of action against multiple Defendants. Pertinent to the Court's instant analysis, he asserted a claim for violation of the "Federal Racketeer Influenced and Corrupt Organizations Act" ("RICO") against Defendant GEICO. On May 11, 2026, GEICO removed the state case to this Court. At the time GEICO filed its notice of removal, there were no affidavits of service filed by Plaintiff on the state court docket that would indicate that any Defendant had been properly served with the Summons and Complaint. Regardless of whether Mitchell or any other Defendant were properly or improperly served prior to GEICO's removal, Mitchell does not contest removal and continues to consent to this matter being litigated in federal court.[2] On May 26, 2026, Plaintiff filed his motion to remand.

## DISCUSSION

Plaintiff relies on essentially three different arguments to support his motion to remand. First, he contends that an unserved defendant cannot remove a matter to federal court before being formally served with a copy of the summons and complaint. Second, he contends that GEICO did not have consent from all other Defendants who had been properly served prior to filing its notice of removal. And third, Plaintiff contends that various federalism concerns and considerations require adjudication of these claims in state court as opposed to federal court. Respectfully, these arguments should be rejected, and this matter should proceed in federal court.

---

[2] Mitchell made clear in its May 18, 2026 motion to dismiss that if service was properly made on Mitchell, it consented to GEICO's removal. (ECF No. 10 at 3, n.3); *see* 28 U.S.C. § 1446.

## I. *MURPHY BROS* DOES NOT MANDATE THAT GEICO BE FORMALLY SERVED WITH A COPY OF THE SUMMONS AND COMPLAINT BEFORE IT REMOVES A MATTER TO FEDERAL COURT.

Plaintiff argues that because GEICO stated it was in "receipt" of the pleadings but had not yet been properly served, it was prohibited from filing a notice of removal. In support of his argument, Plaintiff cites to *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). However, contrary to Plaintiff's contention, *Murphy Bros.* does not stand for such a strict prohibition.

In *Murphy Bros.*, the United States Supreme Court held that the 30-day clock for a removal deadline does not start until formal service is effectuated upon that defendant. There, the defendant received a copy of the complaint before it was formally served, and the issue was whether the removal time limit started to run when the defendant received the complaint or later, when formal service occurred. *Id.* at 348-49. Stated differently, *Murphy Bros.* addressed when a defendant is obligated to respond by filing a notice of removal, and did not go as far as to prohibit a defendant from removing a matter to federal court prior to receiving formal service. *Id.* at 350-54.

In fact, post-*Murphy Bros.*, other circuits that have addressed Plaintiff's "too soon" argument have found it without merit. *See Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024) ("Even though § 1446(b)(1)'s 30-day removal time limit does not start to run until the defendant has both received the complaint and been formally served, that does not mean that a defendant cannot remove until it has both received the complaint and been formally served . . . ."); *Novak v. Bank of N.Y. Mellon Tr. Co., NA*, 783 F.3d 910, 914 (1st Cir. 2015) ("As far as we can tell, every one has concluded that formal service is not generally required before a defendant may file a notice of removal."); *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d

90, 97 (2d Cir. 2014) ("Service of process upon a removing defendant is not a prerequisite to removal."); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (Section 1446(b) "require[s] that an action be commenced against a defendant before removal, but not that the defendant have been served."). Accordingly, Plaintiff's argument fails.

## II. THIS MATTER SHOULD CONTINUE IN FEDERAL COURT.

In Plaintiff's motion to remand, he makes a procedural challenge to GEICO's removal, arguing GEICO did not have unanimous consent to removal. His argument touches on what GEICO knew or should have known at the time it filed its notice of removal. Of course, any comments about GEICO's knowledge rests with GEICO; however, Mitchell submits a few points to assist the Court in its consideration.

- GEICO's removal was grounded on the existence of a federal question and was not dependent on diversity jurisdiction.
- Plaintiff had not filed any affidavits of service to put GEICO on notice of any other Defendants being served.
- As soon as Mitchell made its limited appearance by filing its motion to dismiss, it confirmed therein its consent to proceeding in federal court.

## III. PLAINTIFF'S POLICY-DRIVEN ARGUMENTS ARE ERRONEOUS.

Plaintiff submits several policy-driven arguments for this Court's consideration. These arguments can easily be rejected.

Plaintiff asserts that because South Carolina law requires the Director of the South Carolina Department of Insurance to accept service on behalf of insurance companies, GEICO's "snap removal" was an attempt to evade regulatory oversight. Not so. Regardless of removal and the timing thereof, the Director (if properly served by Plaintiff) would receive notice of this action

against GEICO. A lawsuit proceeding in federal court does nothing to defeat state regulatory oversight.

Plaintiff also argues that the letter he received from the SCDOI required this matter to be litigated in state court. Mitchell does not have a copy of this letter and cannot verify the veracity of such a declaration; however, it does not appear that the SCDOI would purposefully steer matters away from federal court when those matters can be appropriately removed based on Plaintiff's inclusion of a federal statutory cause of action. With the utmost respect to SCDOI, it cannot divest a litigant of its statutory right to removal.

Finally, Plaintiff argues that principles of federalism and *Burford* abstention apply. Not so. *Burford* abstention permits the dismissal of a federal action in a "narrow range of circumstances." *Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007). Abstention is only appropriate when federal adjudication would "unduly intrude" upon "complex state administrative processes" because either: (1) "there are difficult questions of state law . . . whose importance transcends the result in the case then at bar"; or (2) federal review would disrupt "state efforts to establish a coherent policy with respect to a matter of substantial public concern. *Id.* Certainly there are situations in which *Burford* abstention will apply; however, this is not one of them. The matters raised in Plaintiff's complaint are simple and straightforward, and this Court is well-equipped to handle them. Respectfully, the Court should not abstain.

## CONCLUSION

Based on the foregoing, the Court should respectfully deny Plaintiff's motion to remand this matter.

SMITH | ROBINSON

*s/ Austin T. Reed*

Daniel C. Plyler, Fed. ID #9762
Austin T. Reed, Fed. ID #13405
3200 Devine Street
Columbia, SC 29205
T: 803-254-5445
F: 803-254-5007
Daniel.Plyler@SmithRobinsonLaw.com
Austin.Reed@SmithRobinsonLaw.com

*Counsel for Defendant Mitchell International, Inc.*

Columbia, South Carolina

June 9, 2026