IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Prescott, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO General Insurance Company; Absolute Towing, Inc.; CCC Information Systems, Inc.; Mitchell International, Inc., Ryan West, Individually; Mikael Richards, Individually; and John Doe, as Agent/Driver for Absolute Towing, Inc.,<br><br>Defendants. | ) | Case No. 3:26-cv-01914-SAL-TER<br><br>**DEFENDANT RYAN WEST'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff's Response to Ryan West's Motion to Dismiss (ECF No. 28) makes four arguments, addressed, in turn, below.

**I. Plaintiff has failed to establish valid service under Rule 4(d)(8).**

Plaintiff's first argument appears to be that the illegibility of the signature on a green card conclusively establishes service. Essentially admitting that the signature is illegible, he argues this works in his favor: if the Defendant "cannot identify the signer," Plaintiff argues, "he cannot meet his burden to prove improper service"—case closed! (Resp., p. 1).

This argument gets the standard precisely backwards. It is not West's burden to establish who signed. As explained in West's Motion to Dismiss, once West established through his affidavit that he was not served, and did not accept service, sign a green card, or authorize any person to accept service or sign a green card, the burden shifted to Plaintiff to prove West was actually served. Plaintiff has presented no proof or argument to support that burden, other than to point back to a green card that he acknowledges is illegible.

In fact, rather than rebut West's service argument, Plaintiff's Response supports it, as he attaches a purported tracking document which claims that an item was delivered to an unspecified address[1] in Lakeland, Florida, on April 27, 2026—during which time West was not at home. *See* Affidavit of Ryan West ¶ 11 (ECF No. 20-2, p. 3) ("I was out of town and not at that address from April 14 through April 27, 2026").

**II. Dismissal of claims against a party outside of the Court's personal jurisdiction is appropriate.**

Plaintiff next argues that his failure to serve West should not result in dismissal. But this argument ignores that West has asserted a lack of personal jurisdiction in addition to a failure of service. Where a court lacks personal jurisdiction over claims against a defendant, dismissal is appropriate. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273 (4th Cir. 2009). Thus, Plaintiff's second argument fails.

**III. Plaintiff has failed to establish personal jurisdiction.**

Plaintiff's third argument is the only one to address personal jurisdiction and consists of just four sentences. Plaintiff does not offer any admissible evidence, does not cite a single legal authority, makes no effort to rebut or distinguish any case cited by West, and is devoid of any legal reasoning.

As an initial matter, Plaintiff, an attorney, is well aware that it is his own obligation—not his adversary's and not the Court's—to provide the legal basis and legal authorities for his arguments, and his failure to even attempt to do so is fatal. *Clayton v. Nationwide Mut. Ins.*, 260 F. Supp. 3d 514, 521 (D.S.C. 2017) ("As a general rule, parties may not outsource their legal research to the court or otherwise foist upon it the necessary legwork to flesh out a legal claim or

[1] The green card is addressed to "**6716** Poley Creek", in Lakeland. In contrast, West resided at **6710** Poley Creek Drive, **West**, in Lakeland. (Aff. ¶ 11).

defense ....”); *Jeffers Handbell Supply, Inc. v. Schulmerich Bells, LLC*, No. 0:16-CV-03918-JMC, 2017 WL 3582235, at *10, n. 7 (D.S.C. Aug. 18, 2017) (declining to address undeveloped arguments).

In any event, the only connections to West Plaintiff alleges are: (1) West’s approval of a single SCDOI response prepared by others, and (2) Plaintiff’s emailing the subject Complaint to West.[2] Plaintiff does not suggest that West ever communicated directly with Plaintiff or had any personal involvement in the handling of West’s claim. Instead, he relies upon the mere fact that West, as a Senior Director, approves regulatory correspondence. Under this theory, any senior management level employee approving actions occurring across the nation could *personally* be subject to personal jurisdiction in every state. Plaintiff has offered no case to support this notion.

With respect to Plaintiff’s second alleged connection—that Plaintiff forwarded a copy of the Complaint to West—the idea that a plaintiff could create personal jurisdiction by merely sending a filed lawsuit to a defendant would obliterate all requirements of personal jurisdiction. Plaintiff has similarly offered no authority to support this novel theory.

**IV. West’s Motion is Proper.**

Finally, Plaintiff postulates that because he has filed a Rule 55(c) motion, West is precluded from contesting service or personal jurisdiction. This is another circular and novel theory that is contrary to established case law. Even had default been entered (and it has not and should not), West could still challenge lack of service and lack of personal jurisdiction, and the proper vehicle to do that is through a motion. *Fidrych v. Marriott Int'l*, 952 F.3d 124, 128 (4th Cir. 2020) (Fourth Circuit affirming district court's decision to set aside default and dismiss for lack of personal

[2] Plaintiff’s Response notes West was emailed the Complaint on April 15, but attaches an email dated April 22 to West (though addressed to “Brad”), informing him “you are a named defendant in the lawsuit.”

jurisdiction where defendant filed a Motion to Dismiss after default was entered). This argument also fails.

## **Conclusion**

The four arguments raised in Plaintiff's Response fail for the above-stated reasons. Accordingly, Defendant Ryan West respectfully requests that his Motion to Dismiss be granted.


WHELAN MELLEN & NORRIS, LLC

*s/ Robert W. Whelan*
Robert W. Whelan
Federal Bar No. 9242
Whelan Mellen & Norris, LLC
89 Broad Street
Charleston, SC 29401
(843) 998-7099
robbie@whelanmellen.com

*Counsel for Ryan West*


June 10, 2026
Charleston, South Carolina

**CERTIFICATE OF SERVICE**

I, Robert W. Whelan, the undersigned Attorney for Defendant Ryan West, do hereby certify that a copy of the electronically filed REPLY IN SUPPORT OF DEFENDANT RYAN WEST'S MOTION TO DISMISS, along with the Notice of Electronic Filing generated by the same, is being served on *pro se* Plaintiff Charles Prescott, Jr. by mailing the same to him via U.S. Regular mail, postage paid, to the following address of record:

Charles Prescott, Jr.
150 Southwell Rd.
Columbia, SC 29210

WHELAN MELLEN & NORRIS, LLC

*/s/ Robert W. Whelan*
Robert W. Whelan, Esq.

June 10, 2026