IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charles Prescott, Jr., | ) | Case No. 3:26-cv-01914-SAL-TER |
| Plaintiff, | ) | |
| vs. | ) | |
| GEICO General Insurance Company; Absolute Towing, Inc.; CCC Information Systems, Inc.; Mitchell International, Inc., Ryan West, Individually; Mikael Richards, Individually; and John Doe, as Agent/Driver for Absolute Towing, Inc., | ) | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE** |
| Defendants. | ) | |

GEICO Secure Insurance Company, incorrectly identified as GEICO General Insurance Company ("GEICO") respectfully submits this Opposition to Plaintiff's Motion for Alternative Service upon Mikael Richards.

Plaintiff's Motion, based upon rules and alleged precedent that do not exist, must be denied. Plaintiff, who is upon information and belief a licensed attorney, bases his motion upon a phony version of SCRCP Rule 4(d)(8), which he quotes as providing for the alternative service he seeks. However, his quotation of the rule is completely made up—it is nowhere to be found in Rule 4(d)(8), nor does it appear elsewhere in the South Carolina Rules. Additionally, he cites multiple real cases, but completely misstates their holdings. For example, Plaintiff contends that his allegation of intentional avoidance of service negates the due diligence requirement and justifies alternative service, citing *Roche v. Young Bros. of Florence*, 456 S.E.2d 897 (S.C. 1995) and *Moore v. Simpson*, 473 S.E.2d 64 (S.C. 1996). However, neither of these cases has anything to do with

the contentions for which they are cited. *Roche* addresses who may receive service of process on behalf of a corporation, as well as whether notice is required before entry of default judgment. *Roche*, 456 S.E.2d at 900. At no point in *Roche* does the court answer any questions related to alternative service, intentional avoidance of service, or due diligence. *Id.* Similarly, *Moore v. Simpson* addresses what constitutes an authorized agent under SCRCP 4(d)(1). *Moore*, 473 S.E.2d at 67. Like *Roche*, there is nothing in the opinion of *Moore* relating to alternative service, due diligence, or intentional avoidance of service. *Moore*, 473 S.E.2d at 67. In no way, shape, or form do *Roche* or *Moore* support the Plaintiff's position.

In any event, Plaintiff alleges—at best—a single effort to serve Defendant by mail. This comes woefully short of meeting his burden of establishing that he has exhausted all avenues of service provided in the Federal Rules of Civil Procedure and/or the South Carolina Rules of Civil Procedure. *See Jordan v. Bernstein*, Civil Action No. 4:24-cv-5775-JD-TER, 2025 LX 614905, 2 (D.S.C. Sep. 16, 2025). Similarly, there is no method provided by the South Carolina Rules of Civil Procedure or the Federal Rules of Civil Procedure for service upon an agent who has not been authorized to accept service either by appointment or by law. *Moore v. Simpson*, 473 S.E.2d 64, 66 (S.C. 1996). "Actual appointment for the specific purpose of receiving process … is expected and the mere fact a person may be considered to act as the defendant's agent for some purpose does not necessarily mean that the person has authority to receive process." *Id*. For there to be authorization, there must be expressed, implied or apparent evidence that the defendant intended to authorize his agent to receive service on his behalf. *Roberson v. Southern Fin. of S.C., Inc.*, 615 S.E.2d 112, 115 (S.C. 2005); *Myrtle Beach Lumber Co. v. Globe Int'l Corp.*, 315 S.E.2d 142, 143 (S.C. 1984) ("by expressly authorizing their attorney to accept service of process for them, the defendant constituted him their agent for service of process, thereby waiving the

requirement of personal delivery to them”); *Hamilton v. Davis*, 389 S.E.2d 297, 299 (S.C. 1990) (the mere fact that the individual who received service on the defendants behalf was the defendant’s employee is not determinative of his status as an authorized agent). When there is no evidence that the defendant authorized an individual to act as his agent in receiving service, service on said individual would fail to satisfy SCRCP Rule 4(d), and personal jurisdiction would not be conferred. *See Roberson*, 615 S.E.2d at 115.

Plaintiff’s lackluster attempts at service provide no justification for departing from the long-settled rules of service. His motion should be denied.


WHELAN MELLEN & NORRIS, LLC
*s/ Robert W. Whelan*
Robert W. Whelan
Federal Bar No. 9242
Whelan Mellen & Norris, LLC
89 Broad Street
Charleston, SC 29401
(843) 998-7099
robbie@whelanmellen.com

*Counsel for GEICO Secure Insurance Company*


June 22, 2026
Charleston, South Carolina

**CERTIFICATE OF SERVICE**

I, Robert W. Whelan, the undersigned Attorney for Defendant Ryan West, do hereby certify that a copy of the electronically filed DEFENDANT GEICO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE, along with the Notice of Electronic Filing generated by the same, is being served on *pro se* Plaintiff Charles Prescott, Jr. by mailing the same to him via U.S. Regular mail, postage paid, to the following address of record:

Charles Prescott, Jr.
150 Southwell Rd.
Columbia, SC 29210

WHELAN MELLEN & NORRIS, LLC

*/s/ Robert W. Whelan*
Robert W. Whelan, Esq.

June 22, 2026