IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Charles Prescott, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO General Insurance Company; Absolute Towing, Inc.; CCC Information Systems, Inc.; Mitchell International, Inc., Ryan West, Individually; Mikael Richards, Individually; and John Doe, as Agent/Driver for Absolute Towing, Inc.,<br><br>Defendants. | Case No. 3:26-cv-01914-SAL-TER<br><br>**DEFENDANT GEICO'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

GEICO Secure Insurance Company, incorrectly identified as GEICO General Insurance Company ("GEICO"), moves to dismiss Counts I, IV, and VI through XI of Plaintiff's Complaint. This case arises from a discrete insurance claim and Plaintiff's disagreement with the handling, valuation, and recovery of a single vehicle. Those allegations do not state independent claims for negligence, SCUTPA, bailment, trespass to chattels, loss of use, punitive damages, RICO, or civil conspiracy. Each challenged count fails as a matter of law and should be dismissed with prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a complaint fails to state a claim upon which relief can be granted.[1] In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and construes them in the light most favorable

[1] Defendant GEICO has preserved the right to file a Rule 12(b)(6) motion to dismiss by expressly asserting the affirmative defense of failure to state a claim in its Answer. *See Killian v. City of Abbeville*, No. 8:14-1078-TMC, 2015 WL 1011339, at *20, n. 3 (D.S.C. January 22, 2015) (relying on *Williams v. Equity Holding Corp.*, 498 F.Supp.2d 831, 839 (E.D. Va. 2007)).

to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Even so, a complaint must contain sufficient factual content to provide the defendant fair notice of the claim and to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This pleading standard operates in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not suffice. *Twombly*, 550 U.S. at 555. Nor does a pleading survive where it alleges only facts that are merely consistent with liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To withstand dismissal, the complaint must plead sufficient factual content to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged, rather than suggesting only a mere possibility of misconduct. *Id.*

## ARGUMENT

### I. COUNT I MUST BE DISMISSED UNDER HOOD.

Plaintiff's negligence claim against GEICO fails as a matter of law because Plaintiff cannot establish any duty independent of the bad faith claim arising from the contract of insurance. Under South Carolina law, negligence requires duty, breach, and damages proximately caused by the breach. *Hood v. United Servs. Auto Ass'n*, 445 S.C. 1, 8, 910 S.E.2d 767, 771 (2025), *reh'g denied* (Jan. 24, 2025). *Hood* is dispositive. In *Hood*, the South Carolina Supreme Court confirmed that an insured cannot maintain a freestanding negligence claim against an insurer where the alleged duty arises from the insurer-insured relationship because there is no duty of care separate from the contract of insurance and its implied duty of good faith and fair dealing. *Id.* at 7.

As pleaded, Plaintiff's direct negligence claim against GEICO merely repackages Plaintiff's bad-faith allegation. Plaintiff alleges GEICO breached "a duty of reasonable care in the performance of the recovery services dispatched under the Policy." (Complaint ¶¶ 85, 93). Plaintiff

identifies no duty GEICO owed independent of the insurance policy or separate from the insurer-insured relationship. Count I should be dismissed in its entirety.

## II. COUNT IV FAILS AS A MATTER OF LAW BECAUSE THE ALLEGED CONDUCT FALLS OUTSIDE THE SCOPE OF SCUTPA.

Count IV fails as a matter of law because the challenged conduct falls outside SCUTPA. Unfair trade practices involving the business of insurance are governed by the South Carolina Insurance Trade Practices Act ("SCITPA"), and SCUTPA expressly exempts conduct regulated by state or federal law. *See* S.C. Code Ann. § 39–5–40(c). Courts applying South Carolina law have recognized that insurance-related unfair trade practices fall within this exemption. *See Trs. of Grace Reformed Episcopal Church v. Charleston Ins. Co.*, 868 F. Supp. 128, 131 (D.S.C. 1994).

The South Carolina Court of Appeals has recognized that § 39–5–40(c) expressly exempts from SCUTPA practices regulated by SCITPA, thereby barring SCUTPA claims arising from insurance claim-handling practices. *Cleveland Ridge Homeowner's Ass'n, Inc. v. State Farm Fire & Cas. Co.*, No. 2006-UP-295, 2006 WL 7286092, at *3 (S.C. Ct. App. June 26, 2006). The exemption has been recognized by both regulatory guidance and federal courts applying South Carolina law. *See S.C. Dep't of Ins.*, No. 97-ALJ-09-0631-CC, 1998 WL 205241, at *9 (Apr. 7, 1998) (unfair trade practices involving the insurance industry are exempt from SCUTPA); *Grace Reformed Episcopal Church*, 868 F. Supp. at 130 (SCUTPA does not apply to insurance companies because insurance-related unfair trade practices are regulated under SCITPA).

Here, Plaintiff's SCUTPA allegations arise entirely from GEICO's adjustment and handling of Plaintiff's insurance claim. Plaintiff alleges GEICO engaged in an unfair and deceptive act through its adjustment of the claim. (Compl. ¶ 122). More specifically, Plaintiff challenges GEICO's alleged use of automated, template-based valuation and repair protocols without an individualized assessment of the vehicle. (Compl. ¶ 123). Plaintiff further alleges GEICO

transmitted a materially false statement to the South Carolina Department of Insurance regarding whether custom parts were damaged. (Compl. ¶ 124). Plaintiff alleges GEICO's adjustment practices are applied broadly to South Carolina policyholders with aftermarket or custom vehicle components. (Compl. ¶ 125). Each of these allegations concerns GEICO's investigation, valuation, and adjustment of a claim under an insurance policy.

Because the alleged conduct falls squarely within the business of insurance and is specifically regulated by SCITPA, SCUTPA does not apply. Plaintiff's SCUTPA claim should therefore be dismissed.

## III. COUNT VI SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF DOES NOT ALLEGE FACTS ESTABLISHING A BAILMENT BETWEEN PLAINTIFF AND GEICO.

Plaintiff cannot maintain a claim for breach of bailment against GEICO. Under South Carolina law, a bailment arises when personal property is delivered by one person to another for a specific purpose and accepted subject to an obligation to safeguard and return it. *Hadfield v. Gilchrist*, 343 S.C. 88, 96, 538 S.E.2d 268, 272 (Ct. App. 2000).

Whether mutual or constructive, a bailment requires that the alleged bailee assume care or custody, possession, or control of the property at issue. *Id.* A mutual bailment exists when one party takes another's property into its care or custody for the mutual benefit of both parties. *Id.* A constructive bailment may likewise arise when a person lawfully acquires possession of another's property under circumstances giving rise to a duty to safeguard and return it. *Id.*; *see* 8A C.J.S. *Bailments* § 15 (2026). Each theory requires possession or control of the property. *Id.* Where a bailment exists, any recovery is limited to losses proximately caused by the bailee's conduct. *Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 180, 463 S.E.2d 636, 639 (Ct. App. 1995).

Plaintiff alleges no facts showing GEICO ever possessed or controlled Plaintiff's vehicle. Instead, Plaintiff alleges that GEICO authorized roadside recovery services requested by Plaintiff

and that Absolute Towing took possession of Plaintiff's vehicle. (Compl. ¶¶ 146–149). The Complaint does not allege that GEICO stored, transported, held, or exercised dominion over the vehicle. Plaintiff's conclusory allegation that GEICO had "constructive possession" of the vehicle does not cure this deficiency. (Compl. ¶ 147). Even under a constructive bailment theory, Plaintiff must allege facts showing GEICO assumed custody of the vehicle. Plaintiff does not do so.

Plaintiff's claim also independently fails for lack of proximate cause. Plaintiff alleges no facts showing any act or omission by GEICO caused the alleged damage to the vehicle. By Plaintiff's own allegations, Absolute performed the recovery and transport. (Compl. ¶¶ 146–149). Any alleged damage arising from that process cannot plausibly be attributed to GEICO.

Accordingly, GEICO owed no duty as bailee as a matter of law, and Plaintiff's breach of bailment claim should be dismissed with prejudice.

## IV. PLAINTIFF HAS NOT PLAUSIBLY ALLEGED A CLAIM FOR TRESPASS TO CHATTELS; THEREFORE, COUNT VII SHOULD BE DISMISSED.

Plaintiff's claim for trespass to chattels fails as a matter of law against GEICO. Trespass to chattels occurs when a person intentionally interferes with another's possessory interest in personal property, either by dispossessing the owner of the property or by using or intermeddling with the property. Restatement (Second) of Torts § 217 (1965). A party privileged to interact with a chattel for a particular purpose does not exceed that privilege where the conduct is reasonably directed toward accomplishing that purpose. § 278 cmt. b (1965).

Even accepting the Complaint's allegations as true, Plaintiff's own allegations undermine any claim that the alleged contact with the vehicle was unauthorized as to GEICO. Plaintiff alleges that he requested roadside assistance and that towing and recovery services were then performed. (Compl. ¶ 38). He further alleges that those recovery efforts caused damage to his vehicle. (Compl. ¶¶ 37–50). These allegations do not plausibly establish intentional interference by GEICO with

Plaintiff's possessory interest.

Even assuming another Defendant exceeded the scope of any privileged interaction with the vehicle in the course of recovery efforts, Plaintiff pleads no facts plausibly attributing that conduct to GEICO. Further, Plaintiff pleads no facts showing that GEICO itself participated in, directed, or controlled the alleged recovery activity. The Complaint contains no factual allegations suggesting GEICO instructed any Defendant to perform the allegedly improper recovery techniques or otherwise authorized the conduct at issue.

Plaintiff therefore fails to plead facts sufficient to state a claim for trespass to chattels against GEICO.

## V. COUNT VIII SHOULD BE DISMISSED BECAUSE SOUTH CAROLINA LAW DOES NOT RECOGNIZE LOSS OF USE AS AN INDEPENDENT CAUSE OF ACTION.

Plaintiff asserts a standalone cause of action for "loss of use of personal property" against all Defendants, including GEICO. (Compl. ¶¶ 157–61). South Carolina law does not recognize loss of use as an independent cause of action. Rather, loss of use is a category of damages potentially recoverable under an otherwise valid substantive claim. *See generally Glasscock, Inc. v. United States Fidelity & Guaranty Co.*, 348 S.C. 76, 79, 557 S.E.2d 689, 690 (Ct. App. 2001) (recognizing loss of use damages as a form of property damage).

Plaintiff cannot create a new cause of action by relabeling damages allegedly arising from an existing claim. As alleged against GEICO, Plaintiff's loss of use claim rests on GEICO's alleged "bad faith refusal to properly adjust the claim." (Compl. ¶ 158). That allegation merely duplicates Plaintiff's separate bad-faith theory. (Compl. ¶¶ 104–20). Because South Carolina law does not recognize loss of use as an independent claim, Count VIII fails as a matter of law and should be dismissed with prejudice.

## VI. COUNT IX SHOULD BE DISMISSED BECAUSE PUNITIVE DAMAGES IS NOT RECOGNIZED AS AN INDEPENDENT CAUSE OF ACTION UNDER SOUTH CAROLINA LAW.

Likewise, Plaintiff asserts a standalone punitive damages cause of action against GEICO and the other Defendants. (Compl. ¶¶ 162–69). South Carolina law does not recognize punitive damages as an independent cause of action; rather, punitive damages are a form of relief potentially recoverable in connection with an underlying claim. *See generally Hollis v. Stonington Dev., LLC*, 394 S.C. 383, 394, 714 S.E.2d 904, 910 (Ct. App. 2011) (explaining that punitive damages are a form of relief recoverable upon proof of willful, wanton, or reckless conduct).

Any claim for punitive damages rises or falls with Plaintiff's underlying tort claims. To the extent Plaintiff seeks punitive damages based on allegedly willful or reckless conduct (Compl. ¶ 163), those allegations are derivative of the underlying tort claims and do not state a separate cause of action. Plaintiff's standalone punitive damages count should be dismissed with prejudice.

## VII. COUNT X SHOULD BE DISMISSED AS PLAINTIFF'S RICO SECTION 1962(C) CLAIM FAILS.

Plaintiff purports to bring a RICO claim under 18 U.S.C. § 1962(c) against Defendant GEICO. The claim fails as a matter of law. Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *Id.*

Plaintiff does not plausibly allege the elements of a RICO claim. To sustain a civil RICO claim, Plaintiff would have to plausibly allege that GEICO conducted or participated in the operation of an enterprise through a pattern of racketeering activity consisting of at least two qualifying predicate acts, and that such racketeering activity directly caused injury to Plaintiff's

business or property. 18 U.S.C. § 1962(c); *see GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 549 (4th Cir. 2001). Plaintiff does not plausibly allege: (1) the existence of a distinct RICO enterprise; (2) a qualifying pattern of racketeering activity; or (3) a direct injury caused by the alleged racketeering conduct. *GE Inv. Private Placement Partners II*, 247 F.3d at 549. Each of these deficiencies independently warrants dismissal. The RICO claim therefore fails as a matter of law.

### A. Plaintiff Fails to Properly Identify or Allege a RICO Enterprise.

Plaintiff fails to plausibly allege a RICO enterprise, a required element. *Id.* A RICO enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Courts must carefully scrutinize whether the complaint plausibly alleges the unlawful use of an enterprise as a vehicle for racketeering activity under RICO. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 164 (2001).

#### *i. Plaintiff Does Not Plausibly Plead the Existence of a Structured Association-in-Fact Enterprise.*

Plaintiff premises his RICO claim on an alleged association-in-fact enterprise. (Compl. ¶ 172). A RICO enterprise must be distinct from the RICO "person." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). An association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). It must have at least three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit those associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). Although no formal hierarchy is required, the enterprise must function as a continuing unit. *Id.* at 948; *United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017). Plaintiff does not meet that

standard. The Complaint does not plausibly allege an enterprise distinct from GEICO's ordinary insurance operations or routine vendor relationship. (Compl. ¶¶ 171–78). Plaintiff identifies GEICO as the alleged RICO "person" and defines the alleged "enterprise" to include GEICO, its regional adjustment centers, and third-party software vendors. (Compl. ¶¶ 171–73). These are internal operational components of GEICO, not separate entities forming an independent enterprise. Nor does Plaintiff allege that CCC Information Services, Inc. or Mitchell International, Inc. committed predicate acts. They are included only as vendors, without specific allegations of participation in racketeering activity. Plaintiff's conclusory references to "shared protocols" and "shared economic objectives" do not supply the missing facts showing an organizational framework, coordinated decision-making, or collective operations. (Compl. ¶ 172). Accordingly, Plaintiff fails to plausibly allege an association-in-fact enterprise under § 1962(c).

***ii. Plaintiff Fails to Allege a Common Purpose.***

An association-in-fact enterprise requires a shared common purpose. *Boyle*, 556 U.S. at 946. Plaintiff pleads no facts plausibly showing a shared common purpose to engage in unlawful conduct.

To adequately plead such an enterprise, Plaintiff must allege facts showing that the purported members associated together for a shared objective. *Id.* at 946–47. In *Pinson*, the Fourth Circuit found no common purpose where separate ventures had different memberships and where the benefits of each alleged scheme accrued only to the participants in that particular venture. 860 F.3d at 162. Because the ventures lacked shared objectives and interconnected relationships, they did not constitute a single enterprise. *Id.*

Plaintiff alleges no facts plausibly showing that GEICO and third-party software vendors shared a unified objective, jointly coordinated toward such an objective, or shared in the alleged fruits of any purported scheme. The Complaint alleges only that GEICO, its adjusters, and third-

party valuation software vendors acted with "shared economic objectives." (Compl. ¶ 172). Any alleged benefit to GEICO from claim adjustment does not plausibly establish that vendors shared the same alleged objective. Plaintiff therefore fails to state a claim under § 1962(c).

### B. Plaintiff Fails to Plead Underlying Fraud in a Pattern of Racketeering Activity.

Plaintiff likewise fails to allege a pattern of racketeering activity under 18 U.S.C. § 1962(c), which requires at least two related predicate acts that demonstrate continuity. *GE Inv. Private Placement Partners II*, 247 F.3d at 549. Because Plaintiff pleads neither actionable wire fraud nor the predicate acts necessary to establish a pattern of racketeering activity, the RICO claim fails as a matter of law.

#### *i. Plaintiff Fails to Plausibly Allege Actionable Mail or Wire Fraud.*

Because Plaintiff relies upon alleged mail and wire fraud as the purported RICO predicates, the Complaint must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Compl. ¶ 178). The Fourth Circuit has recognized that Rule 9(b)'s "particularity standard is steep." *MSP Recovery Claims, Series LLC v. Lundbeck LLC,* 130 F.4th 91, 106 (4th Cir. 2025) (citation omitted). Rule 9(b) requires Plaintiff to plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id.* Plaintiff's failure to do so dooms his claim.

Plaintiff also fails to plausibly allege fraudulent intent. To plead the requisite scienter, Plaintiff must plausibly allege that GEICO knowingly devised or participated in a scheme to defraud and acted with specific intent to deceive. *See id.* Plaintiff alleges that GEICO utilized automated estimating systems to suppress modification data, communicated inaccurate information, and issued a letter allegedly designed to induce Plaintiff to accept an inadequate settlement. (Compl. ¶¶ 175–77). However, "[i]t is not enough to make conclusory assertions that fraudulent certifications were made." *MSP Recovery Claims,* 130 F.4th at 109.

Plaintiff alleges no facts plausibly demonstrating that any estimate, communication, or claims-handling correspondence was knowingly false when made. Plaintiff likewise alleges no factual basis supporting the conclusory assertion that GEICO acted with knowledge or specific intent to defraud. At most, the Complaint alleges a disagreement with GEICO's valuation methodology, repairability determinations, and claim-handling decisions. Such allegations do not plausibly allege actionable wire fraud under RICO. *See id.*

#### ***ii. Plaintiff Fails to Plausibly Allege Continuity.***

Nor has Plaintiff plausibly alleged continuity sufficient to establish a pattern of racketeering activity. A "pattern of racketeering activity" requires at least two predicate acts that are both related and continuous. *GE Inv. Private Placement Partners II*, 247 F.3d at 549. Continuity requires either "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989). Predicate acts extending over only a limited period of time and threatening no future criminal conduct are insufficient. *Id.* at 242. Courts are particularly cautious about basing a RICO claim on alleged mail or wire fraud because "it will be the unusual fraud that does not enlist the mails and wires in its service at least twice." *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000).

Plaintiff invokes *H.J. Inc.* to argue that the alleged conduct reflects GEICO's business "across its South Carolina claims portfolio" and therefore establishes open-ended continuity. (Compl. ¶ 179). However, the purported predicate acts all arise from the same claim adjustment process and occurred within an approximately twenty-day period. (Compl. ¶¶ 175–77). As in *GE Investment Private Placement Partners II*, the alleged conduct has a built-in ending point tied to a discrete transaction and therefore lacks any plausible threat of continued criminal activity. 247 F.3d at 549–50. Although Plaintiff alleges in paragraph 179 of the Complaint that GEICO's

purported "standard adjustment and misrepresentation protocols" affect other similarly situated policyholders, the allegations are unsupported by any factual detail. Such allegations are insufficient to establish either closed-ended or open-ended continuity under § 1962(c). *H.J. Inc.*, 492 U.S. at 241.

### C. Plaintiff Fails to Allege a Cognizable RICO Injury with Proximate Causation.

Plaintiff does not plausibly allege a RICO injury proximately caused by racketeering activity. Civil RICO standing is limited to persons injured in their "business or property" "by reason of" a RICO violation. 18 U.S.C. § 1964(c). Thus, a plaintiff must plausibly allege both a cognizable RICO injury and a direct relationship between the alleged racketeering conduct and the asserted harm. *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992). Courts routinely reject attempts to transform ordinary commercial disputes into civil RICO actions. *See Al-Abood,* 217 F.3d at 238; *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683 (4th Cir. 1989) ("RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions").

Here, Plaintiff's allegations concerning GEICO's purported "standardized adjustment" practices describe nothing more than a dispute concerning claim valuation, repairability determinations, and the handling of insurance benefits arising from a single automobile claim. (Compl. ¶¶ 175–79). Plaintiff alleges harm arising from GEICO's claim valuation and settlement determinations. *Id.* Such allegations concern an insurance dispute, not the type of direct racketeering injury contemplated by civil RICO.

Civil RICO claims require proximate causation, meaning the alleged injury must bear a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268. The Fourth Circuit applies this requirement strictly. *Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 493–95 (4th Cir. 2018). Thus, the alleged injury must be the direct result of the alleged racketeering activity, generally occurring at "the first step" in the causal chain.

*Id.* at 494 (citation omitted). The Fourth Circuit further explained that an insured's expectation of receiving insurance proceeds, standing alone, can be insufficient to establish direct injury under RICO because such a theory "grossly oversimplifie[d] the process" by which any proceeds would ultimately be received. *Id.*

Even assuming Plaintiff adequately alleged inaccurate estimates or misleading communications, the Complaint still does not plausibly allege that any specific action, transmission, or purported misrepresentation by GEICO directly caused Plaintiff's alleged injury. Instead, the alleged harm flows from a multiparty dispute concerning the handling and valuation of Plaintiff's claim. As in *Slay's Restoration*, Plaintiff attempts to rely upon a speculative and attenuated chain of causation to transform an ordinary insurance dispute into a civil RICO claim. 884 F.3d at 494–95. Such allegations are insufficient under § 1964(c).

Because the deficiencies are fundamental and the allegations fail under settled federal RICO principles, Count X should be dismissed with prejudice.

## VIII. COUNT XI SHOULD BE DISMISSED WITH PREJUDICE AS PLAINTIFF FAILS TO PLAUSIBLY ALLEGE A CLAIM FOR CIVIL CONSPIRACY.

Plaintiff asserts a claim for civil conspiracy against all Defendants. (Compl. ¶¶ 182–89). As alleged against GEICO, this claim fails as a matter of law. To establish civil conspiracy under South Carolina law, a plaintiff must show "(1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Paradis v. Charleston County School District*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021). The actionable harm in a civil conspiracy claim arises from the damages allegedly caused by acts committed in furtherance of the conspiracy, not merely from the existence of an alleged agreement itself. *Id.* at 571, 861 S.E.2d at 778 (quoting 16 Am. Jur. 2d *Conspiracy* § 55

(2020)).

Here, Plaintiff alleges that Defendants shared a "common purpose" to devalue insurance claims and misrepresent information. (Compl. ¶¶ 183–85). However, the Complaint pleads no facts plausibly establishing any actual agreement, meeting of the minds, or coordinated plan among Defendants to engage in unlawful conduct. At most, Plaintiff alleges that GEICO adjusted the claim and used third-party valuation or estimating tools in the ordinary course of claim handling. Those allegations do not plausibly establish a civil conspiracy.

The purported overt acts alleged against GEICO do not plausibly establish unlawful conduct in furtherance of a conspiracy. Plaintiff alleges that GEICO and other Defendants utilized valuation algorithms that proposed incompatible replacement parts, transmitted estimate and ACV information, and excluded certain custom components from valuation calculations. (Compl. ¶¶ 184–86). Plaintiff's allegations that these activities were intended to deceive or artificially suppress claim value are unsupported by specific factual allegations plausibly demonstrating unlawful acts performed in furtherance of a shared agreement.

Plaintiff also fails to plausibly allege damages proximately caused by any purported conspiracy. The alleged damages, including diminution in market value and "professional labor equity," are not distinct injuries attributable to any conspiratorial act. (Compl. ¶ 189).

Accordingly, Plaintiff has not plausibly alleged the essential elements of civil conspiracy against GEICO under South Carolina law. Count XI should be dismissed with prejudice.

## **CONCLUSION**

For all of the above reasons, Defendant GEICO requests that this Honorable Court dismiss Counts I, IV, and VI through XI of Plaintiff's Complaint with prejudice. Dismissal with prejudice is warranted because the challenged claims fail as a matter of law, and amendment would not cure

the absence of an independent tort duty, SCUTPA applicability, possession or control necessary for bailment, intentional intermeddling by GEICO, independent causes of action for loss of use or punitive damages, a plausible RICO enterprise or predicate pattern, or facts establishing a civil conspiracy.


WHELAN MELLEN & NORRIS, LLC

By: /s/ ROBERT W. WHELAN
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robbie@whelanmellen.com
Mary Kate Davidson
Federal Bar No. 14788
E-Mail: marykate@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099

*Attorney for Defendant GEICO*


August 3, 2026
Charleston, South Carolina

**CERTIFICATE OF SERVICE**

I, Robert W. Whelan, the undersigned Attorney for Defendant Ryan West, do hereby certify that a copy of the electronically filed DEFENDANT GEICO'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT, along with the Notice of Electronic Filing generated by the same, is being served on *pro se* Plaintiff Charles Prescott, Jr. by mailing the same to him via U.S. Regular mail, postage paid, to the following address of record:

Charles Prescott, Jr.
150 Southwell Rd.
Columbia, SC 29210

WHELAN MELLEN & NORRIS, LLC

*/s/ Robert W. Whelan*
Robert W. Whelan, Esq.

August 3, 2026